EXHIBIT 1

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

### I.   Recitals

This Class Action Settlement Agreement and Release, dated as of the date of the last signature below, is made and entered into pursuant to Federal Rules of Civil Procedure 23(a), 23(b), and 23(e) between and among: (1) Named Plaintiffs[1] Catherine Duffy, Matthew Edlin, Lawrence Mulcahy, and Paula Hall, on behalf of themselves and as representatives of the Settlement Class Members on the one hand, and (2) Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations (i.e., MNAO), on the other hand, by and through their undersigned counsel, in order to fully and finally settle and resolve the above-captioned litigation and to effect dismissal with prejudice of all the Released Claims asserted against MNAO on the terms set forth herein, subject to the final approval of the Court. This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims.

WHEREAS, Named Plaintiffs originally filed an action in the Superior Court for the State of California (Orange County), Case No. 30-2022-01298682, on December 23, 2022, and subsequently dismissed that action without prejudice on May 26, 2023;

WHEREAS, Named Plaintiffs are the proposed class representatives in the action captioned: *Catherine Duffy, et al. v. Mazda Motor of America, Inc.* in the United States District Court for the Western District of Kentucky.

WHEREAS, Named Plaintiffs generally alleged, among other things, that the Mazda Connect infotainment systems in Mazda2 2016-2022; Mazda3 2014–2018; Mazda6 2016–2021;

---

[1] Unless otherwise noted, all capitalized term shall have the meaning ascribed to them in Section II, *infra* ("Definitions").

Mazda CX-3 2016–2021; Mazda CX-5 2016–2020; Mazda CX-9 2016–2020; and Mazda MX-5 2016–2023 vehicles contain one or more defective components that impacts the functionality and use of the Mazda Connect infotainment systems in these vehicles;

WHEREAS, the Parties agreed to attend mediation and, prior to the first mediation session, engaged in informal discovery to aid in the mediation proceedings;

WHEREAS, on January 10, 2023, and April 25, 2023, the Parties conducted formal, all-day, private mediation sessions with the Honorable Dickran M. Tevrizian (ret.), and conducted additional informal mediation sessions with Judge Tevrizian as well as continued to communicate informally amongst themselves, and in addition, following resolution of the material substantive terms of the settlement, participated in a half-day mediation session with Judge Tevrizian on January 16, 2024 and a second (fourth overall) mediation session on April 30, 2024 related to attorneys' fees, litigation expenses and costs, and Service Awards, along with additional informal discussions among the parties on the latter issue, and now wish to fully and finally resolve the Litigation;

WHEREAS, MNAO denies all of the allegations in the Litigation, denies that it has engaged in any wrongdoing, denies that Named Plaintiffs' claims are meritorious, and denies that it is legally responsible or liable to Named Plaintiffs or any Settlement Class Member, as defined herein, for any of the matters asserted in this Litigation;

WHEREAS, the Parties agree that neither this Settlement Agreement nor the Settlement it represents shall be construed as an admission by MNAO of any wrongdoing whatsoever, including an admission of a violation of any statute or law, or of liability on the claims or allegations in the Litigation;

WHEREAS, the Parties agree and understand that neither this Settlement Agreement nor the Settlement it represents shall be construed or admissible as an admission by MNAO in the Litigation or any other proceedings that the Named Plaintiffs' claims, or similar claims, are or would be viable or suitable for class treatment if the Litigation proceeded through litigation and trial;

WHEREAS, MNAO does not believe that Named Plaintiffs' claims are meritorious or that certification of any proposed class for trial purposes would be proper under Federal Rule of Civil Procedure 23 and denied and continues to deny that it is legally responsible to Named Plaintiffs or any Settlement Class Member for any of the claims or allegations asserted in the Litigation, but it has concluded that the Settlement is desirable to avoid the time, expense, and inherent uncertainties of defending protracted litigation and to resolve, finally and completely, all claims of Named Plaintiffs and Settlement Class Members for relief relating to the Settlement Class Vehicles' Mazda Connect infotainment systems;

WHEREAS, Class Counsel are experienced in consumer class actions, including automotive class action litigation, and therefore recognize the costs and risks of prosecution of this Litigation and believe that it is in the interest of all Settlement Class Members to resolve this Litigation as set forth in this Settlement Agreement;

WHEREAS, the Named Plaintiffs and Class Counsel have examined the benefits to be obtained under the terms of this Settlement Agreement, have considered the risks associated with the continued prosecution of the Litigation and the likelihood of success on the merits of the Litigation and believe that, after considering all of the facts and circumstances, the proposed settlement set forth in this Settlement Agreement offers significant benefits to Settlement Class

Members and is fair, reasonable, adequate, and in the best interests of the Settlement Class Members; and

WHEREAS, this Settlement Agreement is the result of significant arm's-length settlement negotiations between the Parties, including with the assistance of Judge Tevrizian, a neutral and experienced mediator who is a retired federal judge.

NOW, THEREFORE, it is hereby stipulated and agreed, by and between the Parties and their counsel, as follows:

## II.    Definitions

A.      "**Authorized Mazda Dealer**" means any Mazda dealer in the continental United States, as well as Hawaii, Alaska, and all United States territories authorized by MNAO to sell, lease, and service Mazda vehicles.

B.      "**CAFA Notice**" means notice to be provided and paid for by MNAO or by a third party on behalf of MNAO pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715.

C.      "**Claim**" means the timely submission of the required Claim Form and proof by which a Settlement Class Member seeks to claim the reimbursement available under this Settlement Agreement.

D.      "**Claim Form**" means the form attached hereto as **Exhibit A**, to be sent to Settlement Class Members with the Class Notice for Settlement Class Members who may be eligible to seek reimbursement for Out-of-Pocket Expenses.

E.      "**Claims Period**" means the period during which a Settlement Class Member may submit a Claim Form, which shall be 90 days after the Notice Date.

F.      "**Class Counsel**" means: Benjamin F. Johns of Shub & Johns LLC and Andrew W. Ferich of Ahdoot & Wolfson, PC.

G.  "**Class List**" means the complete listing of the names and addresses obtained by the Settlement Administrator after it has determined, following a good-faith search, to be current and former owners or lessees of Settlement Class Vehicles and thereby eligible to receive the Notice.

H.  "**Class Notice**" includes the Court-approved notice, including the Postcard Notice substantially in the form attached hereto as **Exhibit B**, to be provided to Settlement Class Members via First Class Mail, and the Long Form Notice substantially in the form attached hereto as **Exhibit C**, to be made available on the Settlement Website, all in accordance with the Preliminary Approval Order issued by the Court.

I.  "**CMU**" means the Connectivity Master Unit.

J.  "**Contest Notice**" means the form to be sent to Settlement Class Members along with any determination by the Settlement Administrator that does not result in full approval of reimbursement for sought-after Out-of-Pocket Expenses by that Settlement Class Member.

K.  "**Court**" means the United States District Court for the Western District of Kentucky.

L.  "**Digital Publication Notice**" means internet banner or other digital advertisements relating to, and/or sponsored links to, the Settlement Website.

M.  "**Display**" means the physical, in-vehicle display screen for the Mazda Connect infotainment system in the Settlement Class Vehicles.

N.  "**Effective Date**" means the date when all of the following conditions have occurred: (1) this Settlement Agreement has been fully executed by the Parties and their counsel; (2) orders have been entered by the Court certifying a Settlement Class, granting preliminary approval of this Settlement Agreement and approving the form of Notice, and Claim Forms, all as

5

provided herein; (3) the Court-approved Notice has been disseminated as ordered by the Court; (4) the Court has entered a Final Order and Judgment (as defined below) finally approving this Settlement Agreement; and (5) the Final Order and Judgment has become final and is no longer subject to any review or appeal.

O.    "**Final Approval Hearing**" means the final hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether the Settlement should receive final approval from the Court.

P.    "**Final Order and Judgment**" means the Court order that approves this Settlement Agreement, which shall be submitted in conjunction with Plaintiffs' Motion for Final Approval of the Settlement.

Q.    "**Limited Warranty Extension**" means the 24-month extension of the New Vehicle Limited Warranty for potential Mazda Connect Software Updates and (if recommended by the authorized Mazda Dealership who performs the Update(s)) repair or replacements for the CMU for the Settlement Class Vehicles. The Limited Warranty Extension will not be subject to a mileage limitation.

R.    "**Litigation**" means the action *Catherine Duffy, et al. v. Mazda Motor of America, Inc.* in the United States District Court for the Western District of Kentucky.

S.    "**Mazda Connect**" means the Mazda Connect infotainment system that is equipped in the Settlement Class Vehicles.

T.    "**MNAO**" means Mazda Motor of America, Inc. d/b/a Mazda North American Operations and its predecessors, successors, affiliates, subsidiaries, parent, assigns, directors, officers, agents, dealers, suppliers, attorneys, representatives, and employees.

U.     "**MNAO's Counsel**" means Melissa Foster Bird and Robert L. Wise, and the law firm of Nelson Mullins Riley & Scarborough, LLP.

V.     "**Named Plaintiffs**" means Catherine Duffy, Matthew Edlin, Lawrence Mulcahy, and Paula Hall.

W.     "**New Vehicle Limited Warranty**" means the original 3-year / 36,000-mile manufacturer new vehicle limited warranty that accompanies the Settlement Class Vehicles and covers warrantable issues and repairs with respect to the Mazda Connect infotainment system that arise within the warranty period, subject to the terms and limitations described in the Warranty Information Booklet.

X.     "**Notice Date**" means the date by which the Settlement Administrator completes the mailing of a copy of the Notice with Claim Form to Settlement Class Members, by United States first-class mail. The Notice Date shall be no later than 75 days after the Court enters the Preliminary Approval Order.

Y.     "**Out-of-Pocket Expenses**" means costs incurred for parts and/or labor for only the following actions performed by an Authorized Mazda Dealer on a Settlement Class Vehicle related to the Mazda Connect infotainment system: 1) Software Updates for Mazda Connect; 2) CMU repair or replacement; 3) SD Card repair or replacement; 4) Display repair or replacement; or 5) Rear-view Camera repair or replacement. Out-of-Pocket Expenses do not include any other expense (e.g., rental car, ride-share services, inconvenience, etc.).

Z.     "**Parties**" means, collectively, MNAO and the Named Plaintiffs.

AA.     "**Preliminary Approval Order**" means the order to be entered by the Court preliminarily approving the Settlement and, among other things, directing that Notice be given to

the Settlement Class Members, which shall be without material alteration from **Exhibit D** attached

hereto.

BB.    "**Proof of Expenses**" means an original invoice, legible photocopy thereof, or other

record, or some combination thereof, identifying the Out-of-Pocket Expenses paid by a Settlement

Class Member, which must be submitted in support of a Claim Form for Out-of-Pocket Expenses

reimbursement. Sufficient proof shall consist of one or more contemporaneous writings, including

but not limited to third-party receipts, invoices, and repair orders, or bills, which, either

individually or collectively, prove the existence of the Out-of-Pocket Expenses and the attendant

amount.

CC.    "**Rear-view Camera**" means the rear-camera component of the Mazda Connect

infotainment system in the Settlement Class Vehicles.

DD.    "**Recitals**" means each statement of the facts and/or procedural history in Section I

of this Settlement Agreement. The Parties acknowledge and agree the Recitals enumerate

important facts and procedural history, are true and accurate, and are hereby made a part of this

Settlement Agreement as though fully set forth herein.

EE.    "**Released Claims**" means any and all claims, actions, causes of action,

counterclaims, demands (including, without limitation, demands for arbitration), actions, suits,

causes of action, allegations of wrongdoing, liabilities, rights, demands, suits, debts, liens,

contracts, agreements, offsets or liabilities, including but not limited to tort claims, claims for

breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties,

actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer

fraud, breach of fiduciary duty, unfair business or trade practices, restitution, rescission,

compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests,

8

costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal law, state law, common law, or local law, which the Named Plaintiffs and/or any Settlement Class Member had, have, or may in the future have, with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences relating to or arising out of the alleged claims as asserted, or as could have been asserted, in the Litigation or any other proceedings, and that relate to a Mazda Connect infotainment system and that are based on the same factual predicate asserted in the complaint filed in the Litigation, including via the use of a class action procedural device by the Named Plaintiffs and/or Settlement Class Members whether at law or equity, against MNAO and all the Releasees for injunctive relief, declaratory relief, and economic injury or damages. The Released Claims do not include claims for personal injury or wrongful death.

FF.     "**Releasees**" means MNAO, its parent (Mazda Motor Corporation), subsidiaries, affiliates and related entities and all of its past and present directors, officers, employees, partners, principals, agents, and each of their predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, insurers, reinsurers, assigns, related or affiliated entities, Authorized Mazda Dealers, distributors, suppliers, and any members of their immediate families, and any trust for which any of them are trustees, settlers, or beneficiaries.

GG.     "**SD Card**" means the secure digital card for the Mazda Connect infotainment system.

HH.     "**Service Awards**" means a monetary award, subject to Court approval, to compensate the Named Plaintiffs for efforts undertaken by them on behalf of the Settlement Class.

II.     "**Settlement**" means the settlement contemplated by this Settlement Agreement.

JJ.     "**Settlement Administrator**" means JND Legal Administration.

KK.    "**Settlement Agreement**" means this Class Action Settlement Agreement and Release.

LL.    "**Settlement Class**" means all current owners and lessees of Settlement Class Vehicles and former owners and lessees who do not opt out of this Settlement. The Settlement Class is further defined in Section III, *infra*.

MM.    "**Settlement Class Member**" means a member of the Settlement Class.

NN.    "**Settlement Class Vehicle**" and "**Vehicles**" means Mazda2 2016–2022, Mazda3 2014–2018; Mazda6 2016–2021; Mazda CX-3 2016–2021; Mazda CX-5 2016–2020; Mazda CX-9 2016–2020; and Mazda MX-5 2016–2023 equipped with a Mazda Connect infotainment system.

OO.    "**Settlement Website**" means the website dedicated to this Settlement.

PP.    "**Software Update(s)**" mean(s) the periodic upgrades to the Mazda Connect software installed in the CMU but does not include updates to the navigation map data.

QQ.    "**Verified Mazda OEM Parts**" means the original equipment manufacturer components specifically designed to function with Mazda vehicles and approved by MNAO for use as such.

RR.    "**VIN**" means the unique 17-character vehicle identification number assigned to each vehicle.

## III.    Settlement Class

A.    The Parties stipulate to certification, for settlement purposes only, of a Settlement Class defined as follows:

> All residents of the continental United States, Hawaii, Alaska, and all United States territories who currently own or lease, or previously owned or leased, a Settlement Class Vehicle originally purchased or leased in the continental United States, Hawaii, Alaska, or any United States territory.

B.      Excluded from the stipulated Settlement Class are: (1) MNAO; (2) any affiliate, parent, or subsidiary of MNAO; (3) any entity in which MNAO has a controlling interest; (4) any officer or director of MNAO; (5) any successor or assign of MNAO; (6) any Judge to whom the Litigation is assigned; (7) any owners or lessees of Settlement Class Vehicles that were not distributed for sale or lease in the continental United States, Hawaii, Alaska, or any United States territory; and (8) any person who has resolved or otherwise released their claims, in a separate written agreement with MNAO, as of the date of the settlement.

C.      Solely for purposes of implementing this Settlement Agreement and effectuating the Settlement, MNAO stipulates:

1.      To the Court entering the Preliminary Approval Order certifying the Settlement Class, appointing Named Plaintiffs as representatives of the Settlement Class, and appointing Named Plaintiffs' Counsel to serve as Class Counsel for the Settlement Class; and

2.      That Named Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

D.      Solely for the purpose of implementing this Settlement Agreement and effectuating the Settlement, the Parties stipulate that JND Legal Administration will be appointed as Settlement Administrator, subject to the Court's approval.

## IV.    Settlement Consideration

A.      In exchange for the Released Claims as provided herein, and the ultimate dismissal of the Litigation, MNAO agrees to provide the following consideration to the Settlement Class:

B.     **Limited Warranty Extension**

1.     Current owners or lessees of a Settlement Class Vehicle will automatically receive the Limited Warranty Extension, i.e., Settlement Class Members do not need to file a Claim Form to receive the Limited Warranty Extension.

2.     The Limited Warranty Extension applies to Vehicles that are both within and outside of coverage under the New Vehicle Limited Warranty.

i.     For Vehicles within coverage under the New Vehicle Limited Warranty at the time the Court enters the Preliminary Approval Order, the Limited Warranty Extension will be added to and will run from the expiration of the New Vehicle Limited Warranty for a period of 24 months, without regard to mileage.

ii.     For Vehicles outside of coverage under the New Vehicle Limited Warranty at the time the Court enters the Preliminary Approval Order, i.e., Vehicles for which the New Vehicle Limited Warranty has expired, the Limited Warranty Extension will run from the date the Court enters the Preliminary Approval Order for a period of 24 months, without regard to mileage.

3.     The Limited Warranty Extension applies only to potential Software Updates and any necessary repair or replacement of the CMU.

4.     The Limited Warranty Extension is fully and automatically transferrable to subsequent owners and lessees of a Settlement Class Vehicle during the term of the Limited Warranty Extension.

C.     **Reimbursements for Out-of-Pocket Expenses for Settlement Class Vehicles –** As provided below, Settlement Class Members may be entitled to reimbursement for certain out-of-pocket expenses for repair, replacement, or other expenses incurred related to their Class

Vehicle's Mazda Connect system. Eligible repairs must have occurred prior to the date on which the Court enters the Preliminary Approval Order.

1.    **Software Updates for Mazda Connect**. Settlement Class Members who previously incurred Out-of-Pocket Expenses for any Software Updates to Mazda Connect performed by an Authorized Mazda Dealer will be eligible for full reimbursement.

2.    **CMU**. Settlement Class Members who incurred Out-of-Pocket Expenses for repair or replacement of the CMU performed by an Authorized Mazda Dealer will be eligible for full reimbursement.

3.    **SD Card**. Settlement Class Members who incurred Out-of-Pocket Expenses for an SD Card repair or replacement performed by an Authorized Mazda Dealer will be eligible for full reimbursement.

4.    **Display**. Settlement Class Members who incurred Out-of-Pocket Expenses for a repair or replacement of the Display performed by an Authorized Mazda Dealer will be eligible for full reimbursement.

5.    **Rear-view Camera.**

i.    Except as provided in Section IV.C.5.ii, Settlement Class Members who incurred Out-of-Pocket Expenses for a repair or replacement of the Rear-view Camera performed by an Authorized Mazda Dealer will be eligible for full reimbursement.

ii.    Mazda3 2014–2018 5-door hatchbacks and Mazda CX-3 2016–2021 vehicles covered by a voluntary recall with the National Highway Traffic Safety Administration (Part 573 Safety Recall Report 23V-487 (July 14, 2023)) are expressly excluded from reimbursement for Out-of-Pocket Expenses for a repair or replacement of the Rear-View Camera only because those Vehicles and attendant expenses are covered by that recall.

13

D.      With respect to the same costs incurred in Section IV.C made at or through any other facility that is not an Authorized Mazda Dealer, Settlement Class Members may be eligible for reimbursement under the following conditions:

1.      Verified Mazda OEM Parts were used;

2.      Labor costs at no more than the current Mazda national warranty labor rate for the Mazda-approved time (i.e., $167 per hour) allowed for said repair; and

3.      Allowable reimbursements will be capped on a per-vehicle basis at $1,750.

## V.      Notice and Settlement Administration

A.      The Parties agree that, subject to the approval of the Court, JND Legal Administration shall serve as Settlement Administrator to administer certain components of the Settlement, including providing Notice, processing Claim Forms, and issuing reimbursements for Out-of-Pocket Expenses.

B.      MNAO shall be responsible for all costs of Notice and settlement administration. For avoidance of doubt, Named Plaintiffs, Settlement Class Members, and Class Counsel shall not be responsible for any costs associated with Notice or settlement administration.

C.      In compliance with the attorney general notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, MNAO shall pay for and provide notice of this proposed Settlement to the Attorney General of the United States, and the attorneys general of each jurisdiction in which a Settlement Class Member resides.

D.      Process

1.      **Settlement Administrator.** The Settlement Administrator shall be responsible for providing notice substantially similar to the Class Notice in the form of the Postcard Notice attached as **Exhibit B** to the persons on the Class List (which shall be run through the

14

National Change of Address database to update addresses before the Notice is sent) and shall undertake various administrative tasks, including without limitation:

        i.      Mailing or arranging for the mailing by first-class mail, postage prepaid, of the Postcard Notice from the information compiled from the Class List to the current or last known address of each person on the Class List within 75 days after entry of the Preliminary Approval Order (i.e., the Notice Date);

        ii.      For purposes of identifying Settlement Class Members, MNAO will provide the Settlement Administrator with VIN information for all Settlement Class Vehicles. Using this VIN information, the Settlement Administrator will obtain address data for the Settlement Class Members from a qualified third-party, such as IHS/R.L. Polk, that maintains databases related to the automobile industry and which specializes in obtaining such information from, *inter alia*, the Department of Motor Vehicles in all 50 states in the United States and its territories; the VIN information shall not be used for any purpose other than effectuating the requirements of the Settlement Agreement;

        iii.      Prior to mailing the Postcard Notice, the Settlement Administrator shall conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Settlement Class Vehicle owners/lessees. For each individual Postcard Notice that is returned as undeliverable, the Settlement Administrator shall re-mail the Postcard Notice where a forwarding address has been provided. For the remaining undeliverable Postcard Notices where no forwarding address is provided, the Settlement Administrator shall perform an advanced address search (e.g., a skip trace) and re-mail any undeliverable Postcard Notices to the extent any new and current addresses are located. The Postcard Notice will contain a summary about the Settlement and direct Settlement Class Members

to the Settlement Website, where they can access the Long Form Notice, Claim Form, and other relevant documents about the Litigation and the Settlement.

iv.    On or before the Notice Date, the Settlement Administrator shall also establish the Settlement Website, and a toll-free telephone number, which shall include the access to live operators and Interactive Voice Response;

v.    The Settlement Website shall include the ability to electronically complete and submit the Claim Form, upload supporting documentation, and also to print the Claim Form.

vi.    The Settlement Website shall also include copies of the Settlement Agreement, the Class Notices (i.e., Postcard and Long Form Notices), relevant pleadings, papers in support of preliminary and final approval, and Class Counsel's forthcoming motion for attorneys' fees, litigation costs and expenses, and Named Plaintiff Service Awards, plus relevant orders of the Court, as well as other documents and notifications as ordered by the Court or agreed by the Parties. The Settlement Website will also include information that the Parties jointly agree to post concerning the nature of the case and the status of the Settlement.

vii.    The Settlement Administrator shall maintain and update as necessary the Settlement Website until at least after the later of the expiration of the Limited Extended Warranty for all Settlement Class Vehicles or the last date on which checks for Out-of-Pocket Expenses are mailed.

viii.    Further, on or before the Notice Date, the Settlement Administrator shall commence the Digital Publication Notice by placing banner or other digital advertisements and/or sponsored links to the Settlement Website on websites and networks such as Facebook,

Google, and other electronic and mobile advertising, sufficient to create not less than 10,000,000 impressions.

ix.     On or before the Notice Date, the Settlement Administrator shall also post information about the Settlement and the Settlement Website on the PR Newswire. Class Counsel may also share information about the Settlement Website and information posted on the PR Newswire on their respective law firm websites and social media pages.

x.     Developing processes and procedures for handling deficient Claim Forms and returned mail;

xi.     Providing to Class Counsel and MNAO counsel within 5 days of receipt copies of notices of intention to appear at the Final Approval Hearing and requests for exclusion from the Settlement Class;

xii.     Preparing an opt-out list of the persons on the Class List requesting exclusion and submitting an affidavit to the Court before the Final Approval Hearing attesting to the accuracy of that list;

xiii.     Preparing a list of all persons who submitted objections to the Settlement and submitting an affidavit to the Court attesting to the accuracy of that list;

xiv.     Maintaining a mailing address to which persons on the Class List can send requests for exclusion, objections, Claim Forms, and other correspondence; and

xv.     Processing submitted Claim Forms.

2.     At least 14 days before the Final Approval Hearing, the Settlement Administrator shall provide information to the Court, with a copy to Class Counsel, describing that the Class Notice was disseminated in a manner consistent with the terms of this Settlement Agreement, or those otherwise required by the Court.

3.      **Filing a Claim.** Settlement Class Members must submit the following information, as indicated on the Claim Form, within the Claims Period to be eligible for payment of Out-of-Pocket Expenses:

    i.      Name and mailing address of the Settlement Class Member;

    ii.     The VIN for the Settlement Class Vehicle for which a Claim is being made;

    iii.    Proof of Expenses for the Out-of-Pocket Expenses; and

    iv.     The following attestation: "I hereby attest to and affirm that the information I am providing as support for my Claim is a true and accurate copy of the records in my possession and these records relate to my Settlement Class Vehicle. I hereby attest to and affirm the authenticity of such proof and state that I actually incurred and was not previously reimbursed for the Out-of-Pocket Expenses for which I am seeking reimbursement."

4.      **Claims Processing.**

    i.      Within reasonable time of receiving a Claim Form and any accompanying documentation, the Settlement Administrator will review the documentation and/or MNAO's records and determine the Settlement Class Member's eligibility for Out-of-Pocket Expenses.

    ii.     For each Claim that is fully approved, the Settlement Administrator shall mail to the Settlement Class Member, at the address listed on the Claim Form, a reimbursement check for 100% of the approved Out-of-Pocket Expenses to which the Settlement Class Member is entitled, to be sent within 90 days after receipt of the Claim, or within 90 days of the Effective Date, whichever is later.

18

5. **Review of Claims.** Settlement Class Members will be afforded a reasonable opportunity to cure any Claim not fully approved by the Settlement Administrator.

i.       If the determination is to deny or partially approve a Claim, the Settlement Administrator will send, within 30 days after its determination of the Claim, notice of the determination to the Settlement Class Member. Such notice will set forth the reason(s) for the determination and provide notice of the claimant's right to contest the determination and request reconsideration and/or attempt to cure any defect within.

ii.       A Settlement Class Member whose Claim has been denied or partially approved may attempt to cure the deficiency or contest the decision denying or partially approving the Claim by mailing to the Settlement Administrator at the mailing address for the administration of this Settlement, written notice containing information to attempt to cure any Claim deficiencies or a statement of reasons the Settlement Class Member contests the denial or partial approval, along with any additional supporting documentation, i.e., the Contest Notice. Any cure attempt or Contest Notice must be postmarked within 30 days after the date of mailing by the Settlement Administrator of the notice of the denial or partial approval of the Claim. The Contest Notice procedures shall be provided in writing to any Settlement Class Member whose Claim is denied or partially approved.

iii.       If no Contest Notice or cure attempt is received within the period specified above, it shall be presumed that the Settlement Class Member has accepted the determination of the Settlement Administrator. In such circumstances, for partially approved Claims, the Settlement Administrator shall mail to the Settlement Class Member, at the address listed on the Claim Form, a reimbursement check for the amount of the partially approved Out-of-Pocket Expenses to which the Settlement Class Member is entitled, to be sent within 30 days after

19

the deadline to submit a cure attempt or Contest Notice has passed, or within 30 days of the Effective Date, whichever is later.

     iv.  Within 30 days after the Settlement Class Member mails the Contest Notice or materials in attempt to cure a deficiency, the Settlement Administrator shall consider the claimant's request for reconsideration and any materials submitted by the Settlement Class Member in support thereof, and mail to the Settlement Class Member a final determination of the Claim. The decision of the Settlement Administrator shall be final.

   E.  Class Counsel will monitor the claims administration process and receive periodic updates from the Settlement Administrator throughout the claims process to ensure that the Settlement Administrator is acting in accordance with the Settlement Agreement.

   F.  Class Counsel and MNAO each reserve the right to conduct an audit of a sample of up to 35 approved and 35 denied claims to ensure that the Settlement Administrator has properly applied the terms of the Settlement in determining eligibility and to verify the legitimacy of claims approved under the administration process. In the event either Party elects to exercise such right, they shall notify the other Party at least 14 days prior to requesting the audit. Should either Party conduct an audit and determine that the Settlement Administrator has not properly applied the terms of the Settlement, that Party shall meet and confer with the other Party and attempt to reach resolution on any guidance to be provided to the Settlement Administrator. The Court shall retain jurisdiction to resolve any disputes that cannot be resolved by the Parties. Nothing in this paragraph shall be construed as preventing either Party from requesting any and all other records from the Settlement Administrator to confirm that the Settlement terms have been properly applied.

   G.  No person shall have any claim against MNAO, MNAO's Counsel, the Plaintiffs, the Settlement Class, Class Counsel, or the Settlement Administrator based on eligibility

determinations, distributions or payments made in accordance with this Settlement Agreement. This provision does not affect or limit in any way the right of review by the Court of any disputed Claim Forms or determinations regarding the amount of any monetary benefits, to the extent provided above.

H.      The extended warranty provisions of this Agreement will be associated with Class Vehicles VINs, such that authorized Mazda dealers will thereby know that the covered components under this Agreement are subject to extended warranty coverage.

## VI.    Settlement Approval Process

A.      **Preliminary Approval of Settlement**. Promptly after the execution of this Settlement Agreement, Named Plaintiffs shall present this Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order.

B.      **Final Order and Judgment**. If this Settlement Agreement is preliminarily approved by the Court, Named Plaintiffs shall present a motion requesting that the Court issue a Final Order and Judgment directing the entry of judgment pursuant to Federal Rule of Civil Procedure 54(b). The Motion for Final Approval shall be filed no later than 14 days after the Objection Deadline.

C.      **Class Counsel's Fees and Expenses Award**. MNAO agrees to pay, and will not oppose a request for, attorneys' fees and reimbursement of litigation costs and expenses in an amount not to exceed $1,900,000.00. Class Counsel will petition the Court for an award of attorneys' fees, costs, and expenses not to exceed this amount, as provided for in the Preliminary Approval Order. This motion is to be filed at least 21 days before the Objection Deadline. Any fee and expense award shall be paid by the Settlement Administrator, in the amount approved by the Court, within 30 days after the Effective Date.

D.    **Service Awards for Named Plaintiffs**. MNAO agrees to pay reasonable service awards to the Named Plaintiffs, as approved by the Court and as consistent with the provisions of this Settlement Agreement. Specifically, the parties agree that MNAO shall pay service awards of no more than as follows: $4,000 to Catherine Duffy, and $2,500 each to Matthew Edlin, Lawrence Mulcahy, and Paula Hall. Any Service Awards shall be paid by the Settlement Administrator, in the amount approved by the Court, within 30 days after the Effective Date.

E.    **Objections and Requests for Exclusion**.

1.    The Parties agree to ask the Court to require any Settlement Class Member who intends to object to the fairness, reasonableness, or adequacy of the Settlement to file any objection via the Court's electronic filing system (if represented by counsel) and to send the objection to the Settlement Administrator and mail a copy to MNAO's Counsel and Class Counsel via first-class postage prepaid mail. Objections must be filed electronically or postmarked no later than a date to be set by the Court, which date the Parties shall ask the Court to set 60 days after the Notice Date. Any objecting Settlement Class Member must:

i.    Set forth their full name, current address, and telephone number;

ii.    Identify the date of acquisition and VIN for their Settlement Class Vehicle;

iii.    Written proof establishing that he or she is a Settlement Class Member (e.g., a true copy of a vehicle title, registration, lease document, or other document reflecting current or former ownership or lease);

iv.    A written statement of the objection(s), which must include a statement as to whether it applies only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection,

including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention;

v.      Provide copies of any documents the objector wants the Court to consider; and

vi.      A statement as to whether the Settlement Class Member intends to appear at the Final Approval Hearing.

2.      In addition, any Settlement Class Member objecting to the Settlement must submit a list of all other objections submitted by the objector or the objector's counsel to any class action settlements submitted in any state or federal court in the United States in the previous 5 years. Each case identified should include the caption, docket number, and name of the court in which it was pending. If the Settlement Class Member or his or her counsel has not objected to any other class action settlement in the United States in the previous five years, the objector shall affirmatively so state in the objection.

3.      An objection must be filed with the Court if the objector is represented by counsel, or if not represented by counsel, must be sent to the Settlement Administrator via first-class mail, postage prepaid, and must also be served by first-class mail, postage prepaid, upon both of the following:

Plaintiffs' Counsel:

Benjamin F. Johns
SHUB & JOHNS LLC
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428

Andrew W. Ferich
AHDOOT & WOLFSON, PC
201 King of Prussia Road, Suite 650
Radnor, PA 19087

Mazda's Counsel:

Robert L. Wise
Melissa Foster Bird
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Two James Center
1021 E. Cary Street, Suite 2120
Richmond, VA 23219

4.      Subject to the Court's approval, any objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing to argue why the proposed settlement should not be approved as fair, reasonable, and adequate, or to object to any petitions for Class Counsel Fees and Expenses Award and/or Services Awards. Any such objecting Settlement Class Member must file with the Clerk of the Court and serve upon all counsel designated in the Notice a notice of intention to appear at the Final Approval Hearing by the objection deadline. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) will present to the Court in connection with the Final Approval Hearing. Any Settlement Class Member who does not provide a notice of intention to appear in accordance with the deadlines and other specifications set forth in the Notice, or who has not filed an objection in accordance with the deadlines and other specifications set forth in the Settlement Agreement and the Notice, will be deemed to have waived any objections to the settlement, subject to the discretion of the Court.

5.      The submission of an objection allows Class Counsel and/or MNAO's Counsel to take the deposition of the objecting Settlement Class Member pursuant to the Federal Rules of Civil Procedure at an agreed-upon time and location, and to obtain any evidence relevant to the objection. Failure by an objector to make himself, herself, or itself available for a deposition or to comply with expedited discovery requests may result in the Court striking the objection.

6.     Settlement Class Members may exclude themselves from the settlement (i.e., "Opt-Out"), relinquishing their rights to any benefits under the Settlement Agreement. A Settlement Class Member wishing to be excluded from the Settlement must send the Settlement Administrator a letter postmarked by a date to be set by the Court, which date the Parties shall request the Court set 60 days after the Notice Date, containing: (1) the Settlement Class Member's name, current address, and telephone number; (2) the approximate date of acquisition and VIN for the Settlement Class Vehicle; and (3) a clear statement communicating that the Settlement Class Member elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member, and elects to be excluded from any judgment entered pursuant to the settlement. Any request for exclusion must be postmarked on or before the deadline provided in the Notice. Settlement Class Members who fail to submit a valid and timely request for exclusion shall be bound by the Settlement Agreement. Requests for exclusion will be permitted by individual Settlement Class Members only; proposed group or mass opt-outs will be deemed to be submitted on behalf of only the individual signing the form. Class Counsel will confirm the participation of the Named Plaintiffs in the Settlement in advance of execution of the Settlement Agreement.

7.     Any Settlement Class Member who submits a request for exclusion with a timely postmark has no standing to object to the Settlement and shall be deemed to have waived any rights or benefits under the Settlement Agreement. If a Settlement Class Member files a Claim Form and also requests exclusion from the Settlement, then the Settlement Class Member will remain in the Settlement Class and the request for exclusion will be deemed void. If a Settlement Class Member opts out and files a separate action based on the same or similar facts, in any tribunal, and also submits a Claim Form, the Settlement Class Member shall be deemed to be a member of the Settlement Class and his or her claims shall be deemed Released Claims.

8.      At least 14 days prior to the Final Approval Hearing, the Settlement Administrator shall provide the Court, Class Counsel, and MNAO's Counsel with a list identifying each Settlement Class Member who submitted an exclusion request together with copies of the exclusion requests, and a declaration attesting to the completeness and accuracy thereof.

## VII.   Release by Named Plaintiffs and Settlement Class Members

A.      Upon the Effective Date, the Litigation shall be dismissed with prejudice and all Released Claims of Named Plaintiffs and the Settlement Class shall be released, and the Named Plaintiffs and each Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, released, waived, and forever discharged the Releasees from all Released Claims.

B.      In return for the consideration provided in the Settlement Agreement, the Named Plaintiffs, on their behalf and on behalf of all other Settlement Class Members, shall as of the Effective Date release, acquit, and forever discharge the Releasees from the Released Claims.

C.      Named Plaintiffs, on their own behalf and on behalf of all other Settlement Class Members agree, covenant, and acknowledge that they shall not now or hereafter initiate, participate in, maintain, or otherwise bring any claims, either directly or indirectly, derivatively, on their own behalf, or on behalf of the Settlement Class Members or the general public, or any other person or entity, against the Releasees based on the Released Claims, regardless of whether such claims accrue after the Settlement Agreement is approved.

D.      As of the Effective Date, Named Plaintiffs and the Settlement Class Members, and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing or prosecuting any action or other proceeding in any court of law or equity, arbitration

tribunal, or administrative forum, directly, representatively, or derivatively, asserting any of the Released Claims against the Releasees.

E.      Named Plaintiffs acknowledge that they, Class Counsel, and Settlement Class Members may hereafter discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this Litigation and the Released Claims, but it is their intention to, and they do upon the Effective Date of this Settlement Agreement, fully, finally, and forever settle and release all such claims, without regard to the subsequent discovery or existence of different additional facts. Named Plaintiffs and Settlement Class Members expressly waive any and all rights and benefits afforded by California Civil Code § 1542 (and other, similar state statutes), which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Named Plaintiffs understand and acknowledge on behalf of themselves and the Settlement Class Members the significance of this waiver of California Civil Code § 1542 (if applicable) and/or of any other applicable federal or state law relating to limitations on releases. Each Settlement Class Member also hereby expressly waives and fully, finally, and forever settles and releases any and all Released Claims it may have against the Releasees under § 17200, et seq., of the California Business and Professions Code, or any other claim under the applicable law of another State.

F.      Upon the Effective Date, no default by any person in the performance of any covenant or obligation under this settlement or any order entered in connection therewith shall affect the dismissal of the Litigation, the res judicata effect of the Final Order and Judgment, the foregoing releases, or any other provision of the Final Order and Judgment, provided, however,

that all other legal and equitable remedies for violation of a court order or breach of this Settlement Agreement shall remain available to all Parties.

**VIII.  Withdrawal from Settlement.**

A.      Either Party shall have the option to withdraw from this Settlement Agreement, and to render it null and void if any of the following occurs:

1.      Any objection to the proposed settlement is sustained and not reversed on appeal, and such objection results in changes to the Settlement Agreement that the withdrawing party deems in good faith to be material (e.g., because it substantially increases the costs of the Settlement, or deprives the withdrawing party of a material benefit of the Settlement). A mere delay of the approval and/or implementation of the Settlement, including a delay due to an appeal procedure, if any, shall not be deemed material;

2.      The Preliminary Approval Order or Final Order and Judgment of this Settlement Agreement is not obtained without material modification, and any modification required by the Court for approval is not agreed to by both Parties, and the withdrawing party deems any required modification in good faith to be material (e.g., because it substantially increases the cost of the Settlement or deprives the withdrawing party of a material benefit of the settlement). A mere delay of the approval and/or implementation of the Settlement, including a delay due to an appeal procedure, if any, shall not be deemed material;

3.      Entry of the Final Order and Judgment described in the Settlement Agreement is vacated by the Court or reversed or substantially modified by an appellate court; or

4.      If 4,000 or more Settlement Class Members properly and timely exercise their right to individually opt out of the Settlement, either Party shall have the right (but not the obligation) to terminate this Settlement Agreement without penalty or sanctions, without prejudice

to its position on the issue of class certification and the amenability of the claims asserted in the Litigation to class treatment.

B.     To withdraw from this Settlement Agreement under this Section, the withdrawing party must provide written notice to the other Party's counsel and to the Court within 14 business days of receipt of any order or notice of the Court modifying, adding, or altering any of the material terms or conditions of the Settlement Agreement.

C.     In the event either Party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any part in the Litigation, and shall not be offered into evidence or used in the Litigation or any other litigation for any purpose, including the existence, certification, or maintenance of any purported class. In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be inadmissible as evidence and without prejudice to either Party, and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Litigation shall stand in the same position as if this Settlement Agreement had not been negotiated, made, or filed with the Court. In such an event, Mazda will still be obligated to pay for the Class Notice costs incurred up to the effective date of the withdrawal.

D.     Upon withdrawal, either Party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

### IX.    Miscellaneous Provisions

A.    **Best Efforts**. Named Plaintiffs, Class Counsel, MNAO, and MNAO's Counsel agree to use their best efforts to obtain Court approval of this settlement, subject to the Parties' rights to terminate this settlement as provided herein.

B.    **Effect of Exhibits**. The exhibits to this Settlement Agreement are an integral part of the settlement and are expressly incorporated and made a part of this Settlement Agreement.

C.    **Not Evidence**. This settlement, whether it shall become final, and any and all negotiations, communications, and discussions associated with it, shall not be:

1.    Offered or received by or against any Party as evidence of, or be construed as or deemed to be evidence of, any presumption, concession, or admission by a Party of the truth of any fact alleged by Named Plaintiffs, of the validity of any Released Claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation, or of any liability, negligence, fault or wrongdoing on the part of Named Plaintiffs, MNAO, or any Releasee;

2.    Offered or received by or against Named Plaintiffs or MNAO as a presumption, concession, admission, or evidence of any violation of any state or federal statute, law, rule or regulation or of any liability or wrongdoing by MNAO or any Releasee or of the truth of any of the Released Claims, and evidence thereof shall not be used directly or indirectly, in any way, (whether in the Litigation or in any other action or proceeding), except for purposes of enforcing this Settlement Agreement and Final Order and Judgment including, without limitation, asserting as a defense the release and waivers provided herein;

3. Offered or received by or against Named Plaintiffs, MNAO, or any Releasee as evidence of a presumption, concession, or admission with respect to a decision by any court regarding the certification of a class, or for purposes of proving any liability, negligence, fault or wrongdoing; or in any way referred to for any other reason against MNAO or any Releasee, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the terms of this Settlement Agreement, provided, however, that if this Settlement Agreement is approved by the Court, then Named Plaintiffs or MNAO may refer to it to enforce their rights hereunder; or

4. Construed as an admission or concession by Named Plaintiffs, the Settlement Class, MNAO, or any Releasee that the consideration to be given hereunder represents the relief that could or would have been obtained through trial in the Litigation.

5. These prohibitions on the use of this Settlement shall extend to, but are not limited to, any Settlement Class Member who opts out of the settlement pursuant to Section VI.E, above.

D. **Entire Agreement**. This Settlement Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements, and understandings relating to the subject matter of this Settlement Agreement. The Parties acknowledge, stipulate, and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation, or understanding concerning any part or all the subject matter of this Settlement Agreement has been made or relied on except as expressly set forth in this Settlement Agreement. No modification or waiver of any provisions of this Settlement Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Settlement Agreement is sought.

E.      **Arm's-Length Negotiations and Good Faith**. The Parties have negotiated all the terms and conditions of this Settlement Agreement at arm's length, including with the assistance and involvement of an experienced, neutral mediator. All terms, conditions, and exhibits in their exact form are material and necessary to this Settlement Agreement and have been relied upon by the Parties in entering into this Settlement Agreement. The Parties agree to act in good faith during the settlement administration process.

F.      **Confirmatory Discovery**. The Parties acknowledge that this Settlement has been the product of significant negotiations (going back to January of 2022) and has included the exchange of voluminous materials that confirm the fairness, reasonableness, and adequacy of the Settlement. This information has included, *inter alia,* the production (and review) of nearly 800 pages of informative documents by Mazda and 11 large Excel spreadsheets; Mazda responded to numerous informal data requests and provided various responsive information and data concerning the alleged defect(s) and impacted vehicles; a vehicle inspection of Plaintiff Duffy's vehicle; two full-day mediation sessions; independent research and factual investigation; and numerous phone calls and email exchanges among the parties seeking and providing information relevant to the settlement. Based on this information as well as Class Counsel's relevant experience litigating and resolving similar infotainment cases, the Parties are thus well informed and have sufficient information to confirm that the Settlement terms are fair, reasonable, and adequate.

G.      **Continuing Jurisdiction**. The Parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Settlement Agreement.

H.      **Binding Effect of Settlement Agreement**. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, heirs, successors, and assigns.

I.      **Governing Law**. The Parties agree that Kentucky law governs any disputes concerning this Settlement Agreement. The Parties acknowledge, however, that federal law (including Federal Rule of Civil Procedure 23 and federal case law) applies to consideration and approval of the settlement, certification of the Settlement Class, and all related issues such as any petition for Class Counsel Fees and Expenses Award and Service Awards.

J.      **Construction of Settlement Agreement Terms**. The determination of the terms of, and the drafting of, this Settlement Agreement has been by mutual agreement after arm's length negotiation, with consideration by and participation of all Parties and their counsel. Since this Settlement Agreement was drafted with the participation of all Parties and their counsel, the presumption that ambiguities shall be construed against the drafter does not apply. The Parties were represented by competent and effective counsel throughout the course of settlement negotiations and in the drafting and execution of this Settlement Agreement, and there was no disparity in bargaining power among the Parties to this Settlement Agreement. None of the Parties will be deemed the drafter of the Settlement Agreement for purposes of construing its provisions. The language in all parts of the Settlement Agreement will be interpreted according to its fair meaning and will not be interpreted for or against any of the Parties as the drafter.

K.      **Confidentiality Agreements**. Class Counsel agree to return or destroy all information and materials obtained from MNAO and any Releasee or third party in connection with the Litigation and the settlement that MNAO, the Releasee, or third party has in good faith designated to be confidential, including any copies made thereof, within 30 days after the Effective

Date and to retain no copies thereof. All agreements made and orders entered during the Litigation relating to the confidentiality of information will survive the Settlement Agreement.

L.     **Extensions of Time**. The Parties may agree upon a reasonable extension of time for deadlines and dates in this Settlement Agreement, without further notice (subject to Court approval as to Court dates).

M.     **Authority to Execute Settlement Agreement**. The individual signing this Settlement Agreement on behalf of MNAO represents that he or she is fully authorized to enter into, and to execute, this Settlement Agreement on MNAO's behalf. Class Counsel represent that they are fully authorized to conduct settlement negotiations with counsel for MNAO on behalf of the Named Plaintiffs, and expressly to enter into, and to execute, this Settlement Agreement on behalf of each of the Named Plaintiffs and the Settlement Class, subject to Court approval pursuant to Federal Rule of Civil Procedure 23(e).

N.     **No Further Authority**. Class Counsel, on behalf of the Named Plaintiffs and the Settlement Class, are expressly authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this settlement to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to this Settlement Agreement on behalf of the Settlement Class which they deem appropriate. Class Counsel represents and warrants it has authority to execute this Settlement Agreement on behalf of every Named Plaintiff as if each Named Plaintiff individually had signed this Settlement Agreement him or herself.

O.     **No Assignment**. The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation or any related action.

P.     **Full and Final Agreement**. The Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. Accordingly, the Settlement Agreement constitutes the entire agreement among the Parties and no other representations, warranties, or inducements have been made to any Party concerning the Settlement Agreement.

Q.     **Headings**. The headings in this Settlement Agreement are for the convenience of the reader only and shall not affect the meaning or interpretation of this Settlement Agreement.

R.     **Severability**. If any provision herein becomes or is declared by a court of competent jurisdiction to be illegal, unenforceable, or void, this Settlement Agreement shall continue in full force and effect without said provision, to the extent either Party does not execute its right to terminate under Section VIII.

S.     **Written Notices**. All notices or formal communications under this Settlement Agreement shall be in writing and shall be given by electronic mail and (i) hand delivery; (ii) registered or certified mail, return receipt requested, postage prepaid; or (iii) overnight courier to counsel for the Party to whom the notice is directed at the following addresses:

    For Named Plaintiffs and the Settlement Class:

        Benjamin F. Johns
        SHUB & JOHNS LLC
        Four Tower Bridge
        200 Barr Harbor Drive, Suite 400
        Conshohocken, PA 19428

        Andrew Ferich
        AHDOOT & WOLFSON, PC
        201 King of Prussia Road, Suite 650
        Radnor, Pennsylvania 19087

    For MNAO:

        Robert L. Wise
        Melissa Foster Bird

35

NELSON MULLINS RILEY & SCARBOROUGH, LLP
Two James Center
1021 East Cary Street, Suite 2120
Richmond, VA 23219

Counsel may designate a change of the person to receive notice or a change of address, from time to time, by giving notice to all Parties in the manner described in this Section.

T.     **Cost and Expenses**. Except as provided in this Settlement Agreement regarding (1) the payment of the Settlement Administrator; and (2) Class Counsel attorney's fees and litigation expenses, and class representative Service Awards (subject to approval of the Court); each of the Named Plaintiffs, Class Counsel, and MNAO shall be responsible for their own costs and expenses.

U.     **Taxes**. Named Plaintiffs and Class Counsel shall be responsible for paying any and all federal, state, and local taxes due on any payments made to them pursuant to this settlement.

V.     **Communications**. MNAO reserves the right to communicate with its customers, business contacts, and members of the public, including Settlement Class Members, in the ordinary course of business. Class Counsel and Named Plaintiffs hereby agree not to engage in any communications with the media, the press, on the Internet, or in any public forum, either orally or in writing, that undermine or contradict the settlement or any of its terms.

W.     **Counterparts**. This Settlement Agreement may be executed in one or more counterparts and the execution in counterparts shall have the same effect as if all Parties had signed the same instrument. Facsimile and scanned signatures shall be considered as valid signatures as of the date signed.

IN WITNESS WHEREOF, the Parties hereby execute, and cause this Settlement Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

On Behalf of Plaintiffs

By: _____          Date:  June 20, 2024
    Benjamin F. Johns
    Shub & Johns LLC


On Behalf of Plaintiffs

By: _____          Date: June 20, 2024
    Andrew W. Ferich
    Ahdoot & Wolfson, PC


On Behalf of Mazda Motor of America, Inc. d/b/a Mazda
North American Operations

By: _____          Date: June 20, 2024
    Shawn W. Murphy
    Vice President, Chief Legal Officer & Corporate Secretary

EXHIBIT A

*Duffy, et al. v. Mazda Motor of America, Inc.,* Case No. 3:24-cv-388-BJB (W.D. Ky.)

<div style="border:1px solid black; text-align:center;">

# Mazda Connect Infotainment System Settlement Claim Form for Reimbursement of Expenses

</div>

**The DEADLINE to submit this Claim Form is [XXXXX XX, 202X].  You do not need to fill out a Claim Form to be eligible for the 24-month limited extension of the New Vehicle Limited Warranty created by the Settlement**.

*Para una notificación en Español, llamar 1-XXX-XXX-XXXX*
*o visitar nuestro sitio web www.MazdaInfotainmentSettlement.com*

| **I.   GENERAL INSTRUCTIONS** |
|---|

This Claim Form is to be used by Settlement Class Members who are seeking reimbursement of Out-of-Pocket Expenses incurred for the following components: (1) Software Updates for Mazda Connect; (2) the Connectivity Master Unit (CMU) repair or replacement; (3) SD Card repair or replacement; (4) Display repair or replacement; and/or (5) Rear-view Camera repair or replacement.

**Before completing this Claim Form, please review the instructions on page four**.  Additional details concerning the types of expenses that are covered and eligibility criteria, as well as additional information about the Settlement and its benefits, are available on the Settlement Website at www.MazdaInfotainmentSettlement.com.

**You must complete, sign, and submit this Claim Form and provide the required supporting documentation on or before [date] to receive reimbursement of Out-of-Pocket Expenses for covered repairs**.  You may complete a Claim Form electronically and upload documentation at www.MazdaInfotainmentSettlement.com.  If you are unable to complete the Claim Form online, you may download a copy and mail it to Mazda Infotainment Settlement, c/o JND Legal Administration, PO Box 91494, Seattle, WA 98111.  Please type or legibly print all requested information.

If you wish to make a claim for more than one vehicle, please use a separate Claim Form for each vehicle.

## II.  CLAIMANT INFORMATION

The Settlement Administrator will use this information for all communications regarding this Claim Form and the Settlement. If this information changes after you file your Claim, you must notify the Settlement Administrator in writing at the address above.

Please provide the following information:

Full Name

Mailing Address – Line 1: Street Address/P.O. Box

Mailing Address – Line 2

City                                            State          Zip Code

Telephone Number                                Email Address

Vehicle Identification Number / VIN

## III.  REIMBURSEMENTS FOR OUT-OF-POCKET EXPENSES

State your claimed reimbursement amount below and provide documentation proving your claimed Out-of-Pocket Expenses. **Failure to meet the requirements of this section may result in your Claim being rejected by the Settlement Administrator**.

Potentially reimbursable Out-of-Pocket costs means those incurred for parts and/or labor for any of the following actions performed on a Settlement Class Vehicle related to the Mazda Connect infotainment system: 1) Software Updates for Mazda Connect; 2) CMU repair or replacement; 3) SD Card repair or replacement; 4) Display repair or replacement; and 5) Rear-view Camera repair or replacement. Out-of-Pocket Expenses do not include any other expense (e.g., rental car, ride-share services, inconvenience, etc.).

In order to receive reimbursement, you must provide Proof of Expenses, which means an original invoice, legible photocopy thereof, or other record, or some combination thereof, identifying the Out-of-Pocket Expenses paid by a Settlement Class Member.  Proof of Expenses must be submitted in support of any Claim for reimbursement. Sufficient proof shall consist of one or more contemporaneous writings, including but not limited to, third-party

receipts, invoices, repair orders, or bills, which, either individually or collectively, prove the existence of the claimed Out-of-Pocket Expenses. *You should include all payments made for any covered repair or replacement parts and submit all relevant documents.*

**Claimed Reimbursement Amount**:

*How much did you pay for covered repair(s) and/or replacement(s)?*

[                                        ]

**Repair Facility Type:**

*Who performed the repair(s) and/or replacement(s)? (select more than one if applicable)*

☐ Authorized Mazda Dealer
☐ Independent Repair Facility
☐ I performed the repair(s) and/or replacement(s) myself.

## IV.   PAYMENT ELECTION

You may elect to receive your payment by check or digital payment. Please choose one below. If you do not make a selection, and your claim is approved, your settlement benefit will be issued by check.

☐ Paper Check by Mail
☐ Virtual Debit Card

        Email Address for Virtual Debit Card: _____

## V.   CERTIFICATION

I hereby attest to and affirm that the information I am providing as support for my Claim is a true and accurate copy of the records in my possession and these records relate to my Settlement Class Vehicle. I hereby attest to and affirm the authenticity of such proof and state that I actually incurred and was not previously reimbursed for the Out-of-Pocket Expenses for which I am seeking reimbursement.


_____        Date:_____
Signature

_____
Print Name

**Please submit this Claim Form electronically online at www.MazdaInfotainmentSettlement.com or mail this Claim Form and all required Proof of Expenses (e.g., documents/paperwork), postmarked no later than XXXXXX, 202X, to:**

<div align="center">

Mazda Infotainment Settlement
c/o JND Legal Administration
PO Box 91494
Seattle, WA 98111

</div>

**For more information, please carefully review the Class Notice, call the Settlement Administrator at 1-XXX-XXX-XXXX, or visit the Settlement Website at www.MazdaInfotainmentSettlement.com.**

## Mazda Connect Infotainment System Settlement: Instructions for claiming reimbursement for Out-of-Pocket Expenses

**You can only file a Claim if you are a Settlement Class Member**. You are a Settlement Class Member if you purchased or leased any of the following Mazda vehicle models that came equipped with a Mazda Connect infotainment system and you do not opt out of the Settlement: Mazda2 2016–2022; Mazda3 2014–2018; Mazda6 2016–2021; Mazda CX-3 2016–2021; Mazda CX-5 2016–2020; Mazda CX-9 2016–2020; and Mazda MX-5 2016–2023.

**To check whether your vehicle is included in the Settlement Class**, visit the VIN Lookup page on the Settlement Website at www.MazdaInfotainmentSettlement.com and enter your Vehicle Identification Number (VIN). You may also contact the Settlement Administrator by phone at 1-XXX-XXX-XXXX.

*Note*: The Settlement does not cover repair or replacement of the Rear-view Camera for Mazda3 2014–2018 5-door hatchbacks and Mazda CX-3 2016–2021 vehicles covered by a voluntary recall with the National Highway Traffic Safety Administration (Part 573 Safety Recall Report 23V-487 (July 14, 2023)) because those vehicles and attendant expenses are covered by that recall.

**Supporting documentation is required for ALL Claims**. Your Claim must include documentation proving your claimed Out-of-Pocket Expenses. This may take the form of a repair invoice or other document identifying the Out-of-Pocket Expenses you paid for a covered repair. Sufficient proof shall consist of one or more contemporaneous writings, including but not limited to third-party receipts, invoices, repair orders, or bills, which, either individually or collectively, prove the existence of the claimed Out-of-Pocket Expenses. For any questions related to completing this Claim Form or the documentation required to support your claim, please review the FAQs, the Detailed Notice, and the Settlement Agreement at www.MazdaInfotainmentSettlement.com or contact the Settlement Administrator at 1-XXX-XXX-XXXX.

**Independent Repair Facilities**: With respect to expenses or costs incurred at or through any facility that is *not* an Authorized Mazda Dealer, i.e., an independent repair facility, you may be eligible for reimbursement under the condition that verified Mazda OEM Parts were used in the repair. Reimbursement for labor costs incurred at or through an independent repair facility will be limited to the then-current national warranty labor rate for Mazda-approved time for the repair. Reimbursements for expenses incurred at an independent repair facility are capped on a per-vehicle basis at $1,750.

**The deadline to file a Claim for reimbursement is [date]**. All Claims must be submitted online or postmarked on or before this date or they will not be considered. You must complete all sections of the Claim Form and sign the certification to complete your claim submission. For faster processing, please submit your claim online at www.MazdaInfotainmentSettlement.com. You may also contact the Settlement Administrator to request that a copy of the Claim Form be mailed to you by calling 1-XXX-XXX-XXXX or sending a request to the below address:

Mazda Infotainment Settlement
c/o JND Legal Administration
PO Box 91494
Seattle, WA 98111

EXHIBIT B

**<u>Court Approved Legal Notice</u>**
*Duffy, et al. v. Mazda Motor of America, Inc.*,
**Case No. 3:24-388-BJB (W.D. Ky)**

**As a Result of the Mazda Connect Infotainment System Class Action Settlement, You Will Receive a Limited Warranty Extension on Certain Covered Components and May Be Eligible for Reimbursement of Certain Out-of-Pocket Expenses.**

*A federal court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*

**This is NOT a Claim Form.
For more information about the Settlement and how to file a Claim Form visit or call:**

www.MazdaInfotainmentSettlement.com

1-XXX-XXX-XXXX

*Para una notificación en Español, llamar 1-XXX-XXX-XXXX o visitar nuestro sitio web <u>www.MazdaInfotainmentSettlement.com</u>.*

*Duffy, et al. v. Mazda Motor of America, Inc.*,
c/o JND Legal Administration
P.O. Box 91494
Seattle, WA 98111

«Barcode»

Postal Service: Please do not mark barcode

«Name»
«CO»
«Addr1» «Addr2»
«City», «St» «Zip»
«Country»

A proposed Settlement arising out of an alleged vehicle defect concerning malfunctioning of the Mazda Connect infotainment system in certain Mazda vehicles has been reached in *Duffy, et al. v. Mazda Motor of America, Inc.*, Case No. 3:24-cv-388-BJB (W.D. Ky.).

**Who is Included?** The Court decided that Class Members means all persons residing in the United States and United States territories who currently own or lease, or previously owned or leased, a Class Vehicle equipped with a Mazda Connect infotainment system. Class Vehicles include: Mazda2 2016–2022; Mazda3 2014–2018; Mazda6 2016–2021; Mazda CX-3 2016–2021; Mazda CX-5 2016–2020; Mazda CX-9 2016–2020; and Mazda MX-5 2016–2023.

**What does the Settlement Provide?**

(1) **Limited Warranty Extension (LWE):** All current owners or lessees of Class Vehicles will automatically receive a LWE for potential software updates or necessary connectivity master unit (CMU) repairs or replacements for a period of 24 months from either the expiration of the New Vehicle Limited Warranty, or for Class Vehicles for which the New Vehicle Limited Warranty has expired, the Limited Warranty Extension will run from the date the Court enters the preliminary approval order.

(2) **Reimbursements for Out-of-Pocket Expenses:** You may be entitled to reimbursement for any Software Updates for Mazda Connect and any repair and/or replacement expenses you incurred for the CMU, an SD Card, the Display, and the Rear-view Camera.

**How To Get Benefits:** You must complete ~~and file~~ a Claim Form online or by mail postmarked by **Month XX, 2024**, including required Proof of Expenses documentation. You can file your claim online at **www.MazdaInfotainmentSettlement.com**. You may also get a paper Claim Form at the website, or by calling the toll-free number, and submit it by mail.

**Your Other Options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **Month XX, 2024**. If you do not exclude yourself, you will release any claims you may have against Mazda or Released Parties (as defined in the Settlement Agreement) related to the issues more fully described in the Settlement Agreement, available at the Settlement Website. If you do not exclude yourself, you may object to the Settlement by **Month XX, 2024**.

**The Final Approval Hearing.** The Court has scheduled a hearing in this case, *Duffy, et al. v. Mazda Motor of America, Inc.,* Case No. 3:24-cv-388 in the Western District of Kentucky for **Month XX, 2024**, to consider: whether to approve the Settlement, any requested Service Awards, attorneys' fees, costs, and expenses, as well as any objections. You or your attorney may attend and ask to appear at the hearing, but you are not required to do so. The hearing may be held remotely, so please check the Settlement Website for those details.

**More Information.** Complete information about your rights and options, as well as the Claim Form, the Long Form Notice, and the Settlement Agreement, are available at **www.MazdaInfotainmentSettlement.com**, or by calling toll free 1-XXX-XXX-XXXX.

*Carefully separate this Address Change Form at the perforation.*

Name: _____

Current Address: _____

_____

_____

**Address Change Form**
To make sure your information remains up-to-date in our records, please confirm your address by filling in the above information and depositing this postcard in the U.S. Mail.

Place
Stamp
Here

*Duffy, et al. v. Mazda Motor of America, Inc.*
c/o JND Legal Administration
P.O. Box 91494
Seattle, WA 98111

EXHIBIT C

*Duffy, et al. v. Mazda Motor of America, Inc.,*
Case No. 3:24-cv-388-BJB (W.D. Ky.)

# NOTICE OF MAZDA CONNECT INFOTAINMENT

## <u>SYSTEM CLASS ACTION SETTLEMENT</u>

*A federal court authorized this notice. This is <u>not</u> a solicitation from a lawyer.*

**<u>THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY.</u>**

*Para una notificación en Español, llamar 1-XXX-XXX-XXXX o visitar nuestro sitio web www.MazdaInfotainmentSettlement.com.*

- A proposed Class Action Settlement has been reached with Mazda Motor of America, Inc. dba Mazda North American Operations ("Mazda"). If you are an individual who purchased or leased certain Mazda vehicle models (listed below) in the United States or its territories, you may be entitled to benefits afforded by the Settlement.

- The proposed class action, pending in the Western District of Kentucky, is captioned as *Duffy, et al. v. Mazda Motor of America, Inc.,* Case No. 3:24-cv-388-BJB (W.D. Ky.) (the "Litigation"). The Parties have agreed to a proposed class Settlement of the Litigation. The Court has preliminarily approved the Settlement, and the Plaintiffs will request that the Court grant final approval to it. As a Settlement Class Member, you have various options that you may exercise before the Court decides whether to grant final approval to the Settlement.

- Under the Settlement, Defendant has agreed to provide Class Members with 1) a 24-month extension of your vehicle's warranty covering Software Updates and any necessary repair or replacement of the Vehicles' Connectivity Master Unit (CMU) (the "Limited Warranty Extension" or "LWE"); and 2) reimbursement of certain past Out-of-Pocket Expenses relating to the CMU, Software Updates, SD Card, Display, or Rear-view Camera in the Vehicles.

- To receive reimbursement of eligible Out-of-Pocket Expenses, you must submit a Claim Form and supporting documents (i.e., Proof of Expenses) **by no later than XXXXX XX, 202X.** You can complete and submit a Claim Form and upload documents, or obtain a copy of the Claim Form, on the Settlement Website at www.MazdaInfotainmentSettlement.com. You do not need to submit a Claim Form to receive the Limited Warranty Extension benefit.

- This notice explains the Litigation, the proposed Settlement, your legal rights and options, available benefits, who is eligible for and how to obtain the benefits, and applicable dates, time deadlines and procedures.

- Your legal rights are affected whether you act or do not act. **You should read this entire notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **FILE A CLAIM FORM FOR CASH REIMBURSEMENT**<br><br>**DEADLINE: [XXXX]** | Submitting a Claim Form is the only way that you can receive any Reimbursements for Out-of-Pocket Expenses. You do not need to submit a claim form to receive the 24-month Limited Warranty Extension.<br><br>If you submit a Claim Form, you will give up the right to sue Mazda and certain Released Parties in a separate lawsuit about the legal claims this Settlement resolves. |
| **OBTAIN LIMITED WARRANTY EXTENSION** | You do not need to do anything to ensure coverage under the 24-month Limited Warranty Extension. If a problem arises with the Software or CMU in your Mazda Connect system, simply take your vehicle to an Authorized Mazda Dealer. |
| **EXCLUDE YOURSELF FROM THIS SETTLEMENT**<br><br>**DEADLINE: [XXXX]** | This is the only option that allows you to sue, continue to sue, or be part of another lawsuit against Mazda, or certain Released Parties (as defined in the Settlement Agreement), for the claims this Settlement resolves.<br><br>If you exclude yourself, you will give up the right to receive any Settlement Benefits from this Settlement. |

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to <u>www.MazdaInfotainmentSettlement.com</u> or call 1-XXX-XXX-XXXX.**

| | |
|---|---|
| **OBJECT TO OR COMMENT ON THE SETTLEMENT**<br><br>**DEADLINE: [XXXX]** | You may object to the Settlement by writing to the Court informing it why you do not think the Settlement should be approved. You can also write the Court to provide comments or reasons why you support the Settlement. You will still be bound by the Settlement if it is approved, and you will not be allowed to exclude yourself from the Settlement.<br><br>If you object, you may also file a Claim Form to receive Settlement Benefits, but you will give up the right to sue Mazda and the Released Parties in a separate lawsuit about the legal claims this Settlement resolves. |
| **GO TO THE FINAL APPROVAL HEARING**<br><br>**DATE: [XXXXX]** | You may attend the Final Approval Hearing where the Court may hear arguments concerning approval of the Settlement. If you wish to speak at the Final Approval Hearing, you must make a request to do so in your written objection or comment. You are <u>not</u> required to attend the Final Approval Hearing. |
| **DO NOTHING** | If you do nothing, you will receive the automatic benefit of the Limited Warranty Extension, you will not receive any of the monetary Settlement Benefits, and you will give up your rights to sue Mazda and certain Released Parties for the claims this Settlement resolves. |

- These rights and options—**and the deadlines to exercise them**—are explained in this long-form Class Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. No Settlement Benefits or payments will be provided unless the Court approves the Settlement, and it becomes final.

## BASIC INFORMATION

**1.     Why did I get this Notice?**

A court authorized this notice because you have the right to know about the proposed Settlement of this class action lawsuit and about all of your rights and options before the Court decides whether to grant final approval of the Settlement. This notice explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The case is known as *Duffy, et al. v. Mazda Motor of America, Inc.,* Case No. 3:24-cv-388 (W.D. Ky.), before Judge Benjamin Beaton. The people who filed this lawsuit are called the "Plaintiffs" and the company they sued, Mazda Motor of America, Inc., is called the "Defendant." The Plaintiffs and the Defendant agreed to this Settlement. The court has not made a decision about whether either side is right or wrong.

**2.     What vehicles are covered by the Settlement?**

- Mazda2 model years 2016–2022;
- Mazda3 model years 2014-2018;
- Mazda6 model years 2016-2021;
- CX-3 model years 2016-2021;
- CX-5 model years 2016-2020;
- CX-9 model years 2016-2020; and
- MX-5 model years 2016-2023.

**3.     What is the lawsuit about?**

Plaintiffs allege that the Mazda Connect Infotainment system in the Class Vehicles has technical glitches that cause it to reboot, freeze, become non-responsive, get stuck in a never-ending bootloop process, have unexpected audio or video errors, or otherwise malfunction. Mazda denies these allegations and denies that the Mazda Connect system is defective.

Under the Settlement, Mazda has agreed to provide (1) a Limited Warranty Extension (LWE); and (2) reimbursements for Out-of-Pocket Expenses. Mazda has also agreed to pay for the costs of the settlement administration and class notice, Court-approved Service Awards for the named Plaintiffs, Class Counsel's attorneys' fees, and Class Counsel's litigation costs and expenses.

**4.     Why is this a class action?**

In a class action, one or more people called the "class representatives" sue on behalf of all people who have similar claims. Together all these people are called a "Class" or "Class Members." One court resolves the issues for all Class Members, except for those Class Members who exclude themselves from the Class.

The class representatives in this case (also referred to as the Named Plaintiffs) are Catherine Duffy, Matthew Edlin, Lawrence Mulcahy, and Paula Hall.

5.      **Why is there a settlement?**

The class representatives and Mazda do not agree about the claims made in this Litigation. The Litigation has not gone to trial, and the Court has not decided in favor of the class representatives or Mazda. Instead, the class representatives and Mazda have agreed to settle the Litigation. The class representatives and the attorneys for the Settlement Class (i.e., Class Counsel) believe the Settlement is best for all Settlement Class Members because of the risks and uncertainty associated with continued litigation and the nature of the defenses raised by Mazda.

## WHO IS INCLUDED IN THE SETTLEMENT

6.      **How do I know if I am part of the Settlement?**

The Court has decided that everyone who fits the following description is a Settlement Class Member:

> All persons residing in the United States and United States territories who currently own or lease, or previously owned or leased a Settlement Class Vehicle originally purchased or leased in the continental United States, Hawaii, Alaska, or any United States Territory. Class Vehicles include: Mazda2 2016–2022; Mazda3 2014–2018; Mazda6 2016–2021; Mazda CX-3 2016–2021; Mazda CX-5 2016–2020; Mazda CX-9 2016–2020; and Mazda MX-5 2016–2023.

If you did not receive a notification of the Settlement in the mail but believe you are a Class Member, or if you have any questions about your eligibility to participate in the Settlement, you may contact the Settlement Administrator.

7.      **What if I am still not sure whether I am part of the Settlement?**

If you are still not sure whether you are a Settlement Class Member, you may go to the Settlement Website at www.MazdaInfotainmentSettlement.com, or call the Settlement Administrator's toll-free number at 1-XXX-XXX-XXXX.

## THE SETTLEMENT BENEFITS—WHAT YOU GET IF YOU QUALIFY

8.      **What does the Settlement provide?**

The Settlement provides two benefits to Settlement Class Members: (1) a Limited Warranty Extension (LWE), and (2) Reimbursement for certain incurred Out-of-Pocket Expenses, subject to Proof of Expenses, as described below.

### A.   Limited Warranty Extension (LWE)

Settlement Class Members who are current owners or lessees of a Class Vehicle will automatically receive the LWE. Under the LWE, you may be entitled to receive potential software updates for Mazda Connect and (if recommended by the Authorized Mazda Dealerwho performs the Update), repair or replacement for the CMU for the Settlement Class Vehicles. The LWE provides a 24-month warranty extension with no mileage limitation for the extension period.

The warranty extension applies to Class Vehicles that are both within and outside of coverage under Mazda's 3-year / 36,000-mile manufacturer New Vehicle Limited Warranty (NVLW) as of, XXXXX, 2024, the date of preliminary approval of the Settlement. For Vehicles still within the NVLW as of that date, the LWE would be added to and run from the expiration of the NVLW. For Vehicles whose NVLW is expired as of the date of preliminary approval, the LWE runs from the date of preliminary approval.

The LWE is fully transferable to subsequent owners during the term of the 24-month LWE.

### B.   Reimbursements for Out-of-Pocket Expenses

Settlement Class Members may submit a Claim Form for reimbursement of the following Out-of-Pocket Expenses:

(1) **Software Updates for Mazda Connect**. Settlement Class Members who previously incurred Out-of-Pocket Expenses for any Software Updates to Mazda Connect.
(2) **CMU**. Settlement Class Members who previously incurred Out-of-Pocket Expenses for repair or replacement of the CMU.
(3) **SD Card**. Settlement Class Members who incurred Out-of-Pocket Expenses for an SD Card repair or replacement.
(4) **Display**. Settlement Class Members who incurred Out-of-Pocket Expenses for a repair or replacement of the display.
(5) **Rear-view Camera.** Settlement Class Members who incurred Out-of-Pocket Expenses for a repair or replacement of the Rear-view Camera.*

> *\* Mazda3 2014–2018 5-door hatchbacks and Mazda CX-3 2016–2021 vehicles covered by a voluntary recall with the National Highway Traffic Safety Administration (Part 573 Safety Recall Report 23V-487 (July 14, 2023)) are expressly excluded from*

*reimbursement for Out-of-Pocket Expenses for a repair or replacement of the Rear-view Camera only because those vehicles and attendant expenses are already covered by that recall.*

Settlement Class Members who incurred one or more of these Out-of-Pocket Expenses at an Authorized Mazda Dealer will be eligible for full reimbursement. For Settlement Class Members who incurred one or more the Out-of-Pocket Expenses listed above, which were made at or through any other facility that is not an Authorized Mazda Dealer, Settlement Class Members may be eligible for reimbursement under the following conditions:

(1) Verified Mazda OEM Parts were used;
(2) Labor costs did not exceed the then-current Mazda national warranty labor rate for the Mazda-approved time allowed for said repair; and
(3) Allowable reimbursements will be capped on a per-vehicle basis at the amount of $1,750.

Claims for reimbursement must be supported by Proof of Expenses. Proof of Expenses means an original invoice, legible photocopy thereof, or other record, or some combination thereof, identifying the Out-of-Pocket Expenses paid by a Settlement Class Member. Sufficient proof should consist of one or more contemporaneous writings, including but not limited to third-party receipts, invoices, and repair orders, or bills, which, either individually or collectively, prove the existence of the Out-of-Pocket Expenses and the attendant amount.

To receive the reimbursement for Out-of-Pocket Expenses, you must submit a completed Claim Form electing to receive the reimbursement option. If you file a Claim Form for a reimbursement that is rejected by the Settlement Administrator and you do not correct it, your Claim Form will be considered ineligible.

9. **What am I giving up to get a Settlement Benefit or stay in the Class?**

Unless you exclude yourself, you are choosing to remain in the Class. If the Settlement is approved and becomes final, all the Court's orders will apply to you and legally bind you. You will not be able to sue, continue to sue, or be part of any other lawsuit against Mazda and the Released Parties about the legal issues in this Litigation, resolved by this Settlement, and released by the Class Action Settlement Agreement and Release. The specific rights you are giving up are called Released Claims (*see* next question).

10. **What are the Released Claims?**

In exchange for the Settlement, Settlement Class Members agree to release Mazda and its parent (Mazda Motor Corporation), subsidiaries, affiliates and related entities and all of its past and present directors, officers, employees, partners, principals, agents, and each of their predecessors, successors, parents, subsidiaries, divisions, joint ventures, attorneys, insurers, reinsurers, assigns, related or affiliated entities, Authorized Mazda Dealers, distributors, suppliers, and any members of their immediate families, and any trust for which any of them are trustees, settlers, or beneficiaries, from any and all claims, actions, causes of action, counterclaims, demands (including, without limitation, demands for arbitration), actions, suits, causes of action, allegations of wrongdoing, liabilities, rights, demands, suits, debts, liens, contracts, agreements, offsets or liabilities, including but not limited to tort claims, claims for breach of contract, breach of the duty of good faith and fair dealing, breach of statutory duties, actual or constructive fraud, misrepresentations, fraudulent inducement, statutory and consumer fraud, breach of fiduciary duty, unfair business or trade practices, restitution, rescission, compensatory and punitive damages, injunctive or declaratory relief, attorneys' fees, interests, costs, penalties and any other claims, whether known or unknown, alleged or not alleged in the Litigation, suspected or unsuspected, contingent or matured, under federal law, state law, common law, or local law, which the Named Plaintiffs and/or any Settlement Class Member had, have, or may in the future have, with respect to any conduct, act, omissions, facts, matters, transactions or oral or written statements or occurrences relating to or arising out of the alleged claims as asserted, or as could have been asserted, in the Litigation or any other proceedings, and that relate to a Mazda Connect infotainment system and that are based on the same factual predicate asserted in the complaint filed in the Litigation, including via the use of a class action procedural device by the Named Plaintiffs and/or Settlement Class Members whether at law or equity, against MNAO and all the Releasees for injunctive relief, declaratory relief, and economic injury or damages. The Released Claims do not include claims for personal injury or wrongful death.

More information is provided in the Class Action Settlement Agreement and Release, which is available at www.MazdaInfotainmentSettlement.com.

### HOW TO GET SETTLEMENT BENEFITS—SUBMITTING A CLAIM FORM

11. **How do I make a claim for Settlement Benefits?**

You must complete and submit a Claim Form by [XXXXX]. Claim Forms may be submitted online at www.MazdaInfotainmentSettlement.com or printed from the Settlement Website and mailed to the Settlement Administrator at the

address on the form. Claim Forms are also available by calling 1-XXX-XXXX or by writing to info@MazdaInfotainmentSettlement.com. The quickest way to file a Claim is online.

You may submit a claim for reimbursement for Out-of-Pocket Expenses by submitting a Claim Form and supporting Proof of Expenses on the Settlement Website, or by downloading, printing, and completing a Claim Form and mailing it along with supporting Proof of Expenses to the Settlement Administrator.

**12.      How do I get coverage under the Limited Warranty Extension (LWE)?**

You do not need to take any action now to qualify for coverage under the LWE. Current owners or lessees of a Settlement Class Vehicle will automatically receive the LWE benefit. If you experience issues or problems with your Mazda Connect Software during the 24-month Limited Warranty Extension please bring the vehicle to an Authorized Mazda Dealer for service.

**13.      How do I make a claim for Reimbursements for Out-of-Pocket Expenses?**

Mazda will reimburse Settlement Class Members for parts and labor paid by the Settlement Class Member for qualifying repairs involving repairs due to issues with the Mazda Connect infotainment system if the work was done prior to [preliminary approval order date]. If the replacement was performed by an Authorized Mazda Dealer, the full amount the Class Member paid will be reimbursed. If the replacement was performed by a non-Mazda automotive repair facility, Mazda will reimburse actual costs for parts and labor paid under the following conditions: (1) Verified Mazda original equipment manufacturer (OEM) parts were used; (2) Labor costs do not exceed the then-current Mazda national warranty labor rate for the Mazda-approved time allowed for said repair; and (3) Allowable reimbursements will be capped on a per-vehicle basis at $1,750.

To file a claim for reimbursement for Out-of-Pocket Expenses, you must submit a valid Claim Form electing to receive reimbursement. To submit a Claim for reimbursement for Out-of-Pocket Expenses, you may either complete a Claim Form on the Settlement Website or print and mail a completed Claim Form to the Settlement Administrator, postmarked on or before [XXXXXX].

Instructions for filling out a Claim for reimbursement is included on the Claim Form. You may access the Claim Form at www.MazdaInfotainmentSettlement.com.

**14.      What happens if my contact information changes after I submit a claim?**

If you change your mailing address or email address after you submit a Claim Form, it is your responsibility to inform the Settlement Administrator of your updated information. You may notify the Settlement Administrator of any changes by calling XXXXX or by writing to the following address:

<div align="center">

Mazda Infotainment Settlement
c/o JND Legal Administration
PO Box 91494
Seattle, WA 98111

</div>

**15.      When and how will I receive the Settlement Benefits I claim from the Settlement?**

Class Counsel will apply to the Court for an award of attorneys' fees and reimbursement of litigation costs and expenses in an amount not to exceed $1,900,000.00. Any award of attorneys' fees and costs will be paid by Mazda separately from and in addition to any relief provided to the Settlement Class. Additionally, Class Counsel will apply to the Court for payments to each to the class representatives for their service to the Class, in the amount of $4,000 to Catherine Duffy and $2,500 each to Matthew Edlin, Lawrence Mulcahy, and Paula Hall. Any award of payments to the class representatives will be paid by Mazda separately from and in addition to any relief provided to the Settlement Class. Class Counsel's motion for an award of Attorneys' Fees and Expenses and for class representative payments will be posted on the Settlement Website, www.MazdaInfotainmentSettlement.com, after it is filed with the Court. The approval process may take time.

Please be patient and check www.MazdaInfotainmentSettlement.com for updates.

<div align="center">

## THE LAWYERS REPRESENTING YOU

</div>

**16.      Do I have a lawyer in this case?**

You do not need to hire an attorney, but you can if you want to. You, and the entire Class, are already represented by a group of attorneys listed below, who are known as Class Counsel. You do not have to pay for Class Counsel's services. You may contact Class Counsel if you have any questions about this Notice or Settlement, but **please do not contact the Court**.

<div align="center">

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.MazdaInfotainmentSettlement.com or call 1-XXX-XXX-XXXX.**

</div>

| Benjamin F. Johns | Andrew W. Ferich |
|---|---|
| SHUB & JOHNS LLC | AHDOOT & WOLFSON, PC |
| Four Tower Bridge | 201 King of Prussia Road, Suite 650 |
| 200 Barr Harbor Drive, Suite 400 | Radnor, PA 19087 |
| Conshohocken, PA 19428 | |

**17.    How will Class Counsel be paid?**

Class Counsel will file a motion asking the Court to award them attorneys' fees and reimbursement of litigation costs and expenses in an amount not to exceed $1,900,000.00. They will also ask the Court to approve Service Awards to each of the Named Plaintiffs for participating in this Litigation and for their efforts in achieving the Settlement, as noted above.

Class Counsel's application for attorneys' fees, litigation costs and expenses, and Service Awards will be made available on the Settlement Website at www.MazdaInfotainmentSettlement.com before the deadline for you to comment or object to the Settlement. You can request a copy of the application by contacting the Settlement Administrator at info@MazdaInfotainmentSettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you are a Class Member and want to keep any right you may have to sue or continue to sue Mazda and/or the Released Parties on your own based on the claims raised in this Litigation or released by the Released Claims, then you must take steps to get out of the Settlement. This is called excluding yourself from—or "opting out" of—the Settlement.

**18.    How do I get out of the Settlement?**

You can choose not to be part of the Settlement and the Settlement Class. This is called "excluding yourself" or "opting out." If you exclude yourself from the Settlement, you will not be entitled to receive the Settlement Benefits. However, you will not be bound by any judgment or settlement of the Litigation and will keep your right to sue Mazda independently and at your own expense over any claims you may have.

The Request for Exclusion must be postmarked or received by the Settlement Administrator at the address below no later than **[XXXXX]**:

<div align="center">

Mazda Infotainment Settlement
c/o JND Legal Administration
PO Box 91494
Seattle, WA 98111

</div>

You cannot exclude yourself by telephone or by email.

**19.    How can I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must mail the Settlement Administrator a Request for Exclusion that contains the following information:

(1) The name of the lawsuit: *Duffy, et al. v. Mazda Motor of America, Inc.*, Case No. 3:24-cv-388 (W.D. Ky.);

(2) Your full name, current address, and telephone number;

(3)  The approximate date of acquisition and VIN for the Settlement Class Vehicle;

(4) A clear statement of your intent to exclude yourself from the Settlement (for example, "Please exclude me from the 'Mazda Connect Infotainment System Class Action Settlement"); and

(5) Your signature and the date you signed it. You must send your request for exclusion postmarked no later than **[Date]** to the address below:

<div align="center">

Mazda Infotainment Settlement

</div>

<div align="center">

**This Settlement affects your legal rights even if you do nothing.**
**Questions? Go to www.MazdaInfotainmentSettlement.com or call 1-XXX-XXX-XXXX.**
6

</div>

c/o JND Legal Administration
PO Box 91494
Seattle, WA 98111

If you do not follow these procedures and deadlines to exclude yourself from the Settlement, you will remain a Settlement Class Member and forfeit any opportunity to exclude yourself from the Settlement.

This means that your rights will be determined in this lawsuit by the Settlement Agreement if it receives final approval from the Court.

Requests for exclusion will be permitted by individual Class Members only; proposed group or mass opt-outs will be deemed to be submitted on behalf of the individual signing the form.

**20.    If I do not exclude myself, can I sue Mazda for the same thing later?**

No. Unless you timely exclude yourself, you give up any right to sue Mazda and Released Parties for the claims that this Settlement resolves. You must exclude yourself from this Litigation to start or continue with your own lawsuit or be part of any other lawsuit against Mazda or any of the Released Parties. If you have a pending lawsuit that may relate to this Settlement, speak to your lawyer in that case immediately.

## OBJECT TO OR COMMENT ON THE SETTLEMENT

**21.    How do I tell the Court that I do not like the Settlement?**

You can ask the Court to deny approval of the Settlement by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject the Settlement. If the Court denies approval, no Settlement payments will be sent out and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Settlement must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must:

 (1) identify the case name and number: *Duffy, et al. v. Mazda Motor of America, Inc.*, Case No. 3:24-cv-388 (W.D. Ky.);

(2) state the Class Member's full name, current mailing address, and telephone number;

(3) include written proof establishing that he or she is a Class Member (e.g., a true copy of a vehicle title, registration, lease document, or other document reflecting current or former ownership or lease);

(4) include a written statement of the objection(s), which must include a statement as to whether it applies only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection, including any evidence and legal authority the Class Member wishes to bring to the Court's attention;

(5) provide copies of any documents the objector wants the Court to consider;

(6) include a statement as to whether the Class Member intends to appear at the Final Approval Hearing; and

(7) submit a list of all other objections submitted by the objector or the objector's counsel to any class action settlements submitted in any state or federal court in the United States in the previous 5 years. Each case identified should include the caption, docket number, and name of the court in which it was pending. If the Class Member or his or her counsel has not objected to any other class action settlement in the United States in the previous five years, the objector shall affirmatively so state in the objection.

If the objector is represented by counsel, the objection must be filed with the Court via the Court's electronic filing system.

If the objector is not represented by counsel, he or she must send the objection to the Settlement Administrator via first-class mail, postage prepaid, at **Mazda Infotainment Settlement, c/o JND Legal Administration, PO Box 91494, Seattle, WA 98111.** He or she must also serve the objection by first-class mail, postage prepaid, upon the following:

Plaintiffs' Counsel:

Benjamin F. Johns
SHUB & JOHNS LLC
Four Tower Bridge
200 Barr Harbor Drive, Suite 400
Conshohocken, PA 19428

Andrew W. Ferich
AHDOOT & WOLFSON, PC
201 King of Prussia Road, Suite 650
Radnor, PA 19087

Mazda's Counsel:

Robert L. Wise
Melissa Foster Bird
NELSON MULLINS RILEY & SCARBOROUGH, LLP
Two James Center
1021 East Cary Street, Suite 2120
Richmond, VA 23219

All objections must be filed electronically or postmarked no later than **[XXXXXXX]**.

**22.    What is the difference between objecting and requesting exclusion?**

Objecting is telling the Court you do not like something about the Settlement. You can object only if you stay in the Class (that is, do not exclude yourself). Requesting exclusion (sometimes called "opting out") is telling the Court you do not want to be part of the Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer affects you.

## THE FINAL APPROVAL HEARING

**23.    When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Final Approval Hearing on XXXXXX, before the Honorable Benjamin Beaton, at the United States District Court for the Western District of Kentucky, Gene Snyder United States Courthouse, 601 West Broadway, Room 266, Louisville, KY 40202-2227.

The date and time of the Final Approval Hearing is subject to change without further notice to the Settlement Class. Settlement Class Members should monitor the Settlement Website to confirm whether the date for the Final Approval Hearing has changed. Please note that the hearing may be held via telephone or video conference. All details about the Final Approval Hearing will be posted on the Settlement Website.

At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and will decide whether to approve the Settlement; Class Counsel's application for attorneys' fees, expenses, and costs; and the Service Awards to the Named Plaintiffs. If there are objections, the Court will consider them.

**24.    Do I have to come to the Final Approval Hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

## IF YOU DO NOTHING

**25.    What happens if I do nothing at all?**

If you are a Settlement Class Member and you do nothing, you will not receive any reimbursements for any Out-of-Pocket Expenses covered by the Settlement Benefits. You will also give up certain rights, including your right to start a lawsuit, continue with a lawsuit,

or be part of any other lawsuit against Mazda or any of the Released Parties about the legal issues in this Litigation and released by the Settlement Agreement.

## GETTING MORE INFORMATION

**26.    How do I get more information?**

This Notice summarizes the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Settlement Agreement available at www.MazdaInfotainmentSettlement.com, by contacting Class Counsel (see below), by accessing the Court docket in this case, through the Public Records System at www.pacer.gov or by visiting the United States District Court, Western District of Kentucky, Gene Snyder United States Courthouse, 601 West Broadway, Room 266, Louisville, KY 40202-2227, between 8:30 a.m. and 4:30 p.m. (EST), Monday through Friday, excluding Court holidays.

If you have questions about the proposed Settlement or anything in this Notice, you may contact Class Counsel at the following:

| Andrew W. Ferich | Benjamin F. Johns |
|---|---|
| c/o Mazda Connect Infotainment System Class Action Settlement | c/o Mazda Connect Infotainment System Class Action Settlement |
| AHDOOT & WOLFSON, PC | SHUB & JOHNS LLC |
| 201 King of Prussia Road, Suite 650 | Four Tower Bridge |
| Radnor, PA 19087 | 200 Barr Harbor Drive, Suite 400 |
| info@MazdaInfotainmentSettlement.com | Conshohocken, PA 19428 |
| | info@MazdaInfotainmentSettlement.com |

**PLEASE DO NOT CONTACT THE COURT TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| CATHERINE DUFFY, MATTHEW EDLIN, LAWRENCE MULCAHY, and PAULA HALL, individually and on behalf of all other similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>MAZDA MOTOR OF AMERICA, INC. D/B/A MAZDA NORTH AMERICAN OPERATIONS,<br><br>     Defendant. | No. 3:24-cv-00388-BJB<br><br>**[PROPOSED ORDER] GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**[PROPOSED] ORDER GRANTING PRELIMINARY**
**APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, Plaintiffs Catherine Duffy, Matthew Edlin, Lawrence Mulcahy, Paula Hall ("Plaintiffs") and Defendant Mazda Motor of America, Inc. d/b/a Mazda North American Operations ("MNAO" or "Mazda") in the above-described Litigation have applied for an order, pursuant to Rule 23 (a), (b), and (e) of the Federal Rules of Civil Procedure, regarding certain matters in connection with a proposed settlement of the Litigation, in accordance with a Class Action Settlement Agreement and Release (the "Settlement" or "Settlement Agreement") entered into and executed by the Parties on June 20, 2024 (which, together with its exhibits, is incorporated herein by reference) and dismissing the Litigation as to Mazda upon the terms and conditions set forth in the Settlement Agreement;

WHEREAS, on January 24, 2022, Plaintiff Duffy's counsel filed a pre-litigation notice with Mazda's legal department pursuant to Kentucky Consumer Protection Act § 267.110, *et seq*. and the Uniform Commercial Code, describing the technical failures that Plaintiff Duffy

experienced in the Mazda Connect System in her 2018 Mazda3 Hatchback, including intermittent rebooting, freezing, and sporadic failure of the vehicle's navigation system.

WHEREAS, Mazda provided a written response to Plaintiff Duffy's counsel on February 17, 2022 and then again on April 11, 2022.

WHEREAS, during the Parties' preliminary discussions, Class Counsel advised Mazda that they had been contacted by several other Mazda vehicle owners who reported experiencing issues similar to those described by Plaintiff Duffy.

WHEREAS, on July 22, 2022, the Parties entered into a tolling agreement on behalf of Mazda, Plaintiff Duffy, other individuals represented by her counsel, to allow the Parties to investigate issues associated with the Mazda Connect in such vehicles, collect information from their respective clients, and confer on the resultant findings.

WHEREAS, following the mutual exchange of information and months of discussion, the Parties agreed to participate in a mediation with Judge Dickran Tevrizian (Ret.) of JAMS on January 10, 2023.

WHEREAS, in anticipation of the scheduled mediation, Class Counsel sent Mazda a comprehensive list of informational requests and documents to facilitate settlement negotiations.

WHEREAS, following the execution of a confidentiality agreement on December 6, 2022, Mazda began producing responsive materials to Class Counsel.

WHEREAS, Mazda produced nearly one thousand pages of documents responsive to Plaintiffs' requests, including eleven extensive excel worksheets, that ranged in date from 2013 to 2022.

WHEREAS, on December 23, 2022, Plaintiffs filed a putative class action against Mazda in the Superior Court of California, Orange County concerning the Mazda Connect

2

system, entitled *Duffy, et al. v. Mazda Motor of America, Inc., et al.*, No. 30-2022-01298682-CU-BC-CXC (the "California case"), alleging, *inter alia*, various statutory and common law claims alleging a defect in the Mazda Connect in certain Mazda vehicles;

WHEREAS, the Parties participated in an all-day virtual mediation with Judge Tevrizian on January 10, 2023, during which time the Parties made significant progress on the general parameters for resolution of the Litigation but were unable to reach an agreement in principle, as Plaintiffs required additional information from Mazda to facilitate subsequent negotiations that was only available from Mazda's corporate parent in Japan.

WHEREAS, on April 25, 2023, the Parties participated in a second mediation session with Judge Tevrizian which, while productive, did not result in a settlement. The Parties did, however, agree on many material issues pertinent to reaching a final resolution, such as the scope of the affected vehicle models, the nature of the class wide relief, the length of the extended warranty, and the types of expenses and Mazda Connect symptoms that would be covered by the settlement.

WHEREAS, in light of the Parties' progress and outstanding confirmatory discovery, the Parties informally agreed to stay the prosecution of the California case and extend the tolling agreement pending further negotiations.

WHEREAS, on May 25, 2023, Plaintiffs voluntarily dismissed the California case complaint without prejudice.

WHEREAS, following approximately six months of additional negotiations following the second mediation session on April 25, 2023, the Parties reached agreement on the material terms of the settlement in October 2023. At no point prior to reaching the settlement in principle did the Parties discuss or negotiate the payment of attorneys' fees, litigation costs and expenses, or Service Awards for the Plaintiffs.
=

WHEREAS, on January 16 and April 30, 2024, the Parties attended a third and fourth mediation session with Judge Tevrizian to negotiate and reach agreement on the amounts of attorneys' fees, litigation costs and expenses, and Named Plaintiff Service Awards to be sought by Plaintiffs. Following the fourth session, and having agreed to the amount of Service Awards, the Parties accepted a mediator's proposal on the amount of attorneys' fees and litigation expenses to be sought.

WHEREAS, on June 20, 2024, after approximately 28 months of hard-fought negotiations following the delivery of Plaintiff Duffy's pre-suit demand letter, the Parties executed the Settlement Agreement.

WHEREAS, on June 28, 2024, Plaintiffs filed a class action complaint in this Court.

WHEREAS, on July 2, 2024, Plaintiffs filed the motion for preliminary approval of the class action settlement.

WHEREAS, Mazda denies Plaintiffs' allegations and claims, and maintains, *inter alia*, that the Settlement Class Vehicles' Mazda Connect systems are not defective, that the Settlement Class Vehicles were and are properly designed, tested, manufactured, distributed, marketed, advertised, warranted and sold, that no applicable warranties (express or implied) have been breached, that no common law duties or applicable statutes, laws, rules or regulations have been violated, and that the Plaintiffs' allegations and claims lack merit and are not suitable for class treatment if the Litigation were to proceed through litigation and trial.

WHEREAS, the Parties, after investigation and careful analysis of their respective claims and defenses, and with full understanding of the potential risks, benefits, expense and uncertainty of continued litigation, desire to compromise and settle all issues and claims that were or could have been brought in the Litigation by or on behalf of Plaintiffs and the Settlement Class.
=

4

WHEREAS, the Parties agree that neither the Settlement Agreement, nor the underlying settlement negotiations or Settlement itself, shall constitute evidence of, or be construed as any admission of, any liability, damages, wrongdoing, facts, or issues of law on the part of Mazda or any Released Party, which are expressly denied by Mazda.

WHEREAS, the Settlement Agreement is the result of vigorous arm's length negotiations of highly disputed claims between the Parties, including, but not limited to, 28 months of negotiations that included four extensive mediation sessions with an experienced and well-respected neutral mediator at JAMS, and the Parties believe the Settlement Agreement is fair, reasonable, and adequate, and compliant in all respects with Fed. R. Civ. P. 23.

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1.      The Court, having read and considered the Settlement Agreement and its exhibits, and Plaintiffs' Unopposed Motion for Preliminary Approval, Plaintiffs' motion is **GRANTED**.

2.      This Order incorporates by reference the definitions in the Settlement Agreement, and all terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

3.      This Court has jurisdiction over this Litigation, Plaintiffs, all Settlement Class Members, Mazda, and any party to any agreement that is part of or related to the Settlement.

4.      The Settlement, including the exhibits attached thereto, are preliminarily approved as fair, reasonable, and adequate, in accordance with Fed. R. Civ. P. 23, pending a Final Approval Hearing on the Settlement as provided herein.

5.      <u>Stay of the Litigation</u>. Pending the Final Approval Hearing, all proceedings in the Action as they relate to Mazda, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement and this Order, are hereby stayed.

=

6.    <u>Class Definition</u>. Pursuant to Fed. R. Civ. P. 23, the Court certifies, solely for purposes of effectuating the Settlement, the Settlement Class as follows: "All residents of the continental United States, Hawaii, Alaska, and all United States territories who currently own or lease, or previously owned or leased, a Settlement Class Vehicle originally purchased or leased in the continental United States, Hawaii, Alaska, or any United States territory. Excluded from the stipulated Settlement Class are: (1) MNAO; (2) any affiliate, parent, or subsidiary of MNAO; (3) any entity in which MNAO has a controlling interest; (4) any officer or director of MNAO; (5) any successor or assign of MNAO; (6) any Judge to whom the Litigation is assigned; (7) any owners or lessees of Settlement Class Vehicles that were not distributed for sale or lease in the continental United States, Hawaii, Alaska, or any United States territory; and (8) any person who has resolved or otherwise released their claims, in a separate written agreement with MNAO, as of the date of the settlement." Pursuant to the Settlement Agreement, the Settlement Class Vehicles include Mazda2 2016-2022; Mazda3 2014-2018; Mazda6 2016-2021; Mazda CX-3 2016-2021; Mazda CX-5 2016–2020; Mazda CX-9 2016–2020; and Mazda MX-5 2016–2023 vehicles equipped with a Mazda Connect infotainment system.

7.    <u>Certification for Settlement Purposes Only</u>. Solely for purposes of effectuating the proposed Settlement, the Court finds, pursuant to Rule 23(e)(1), that the prerequisites for class certification under Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure are likely to be found to be satisfied as: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members in this Action is impracticable, (b) there are questions of law and fact that are common to the Settlement Class; (c)  Plaintiffs' claims are typical of the claims of the Settlement Class; (d) the interests of all Settlement Class Members have been and continue to be adequately represented by Plaintiffs and Class Counsel; (e) the questions of law and fact common to Settlement Class Members predominate over any individualized questions of law

and fact; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. These findings shall be vacated if the Settlement is terminated or if for any reason the Effective Date does not occur.

8.     <u>Class Counsel</u>. For purposes of the Settlement, the Court appoints Benjamin F. Johns of Shub & Johns LLC and Andrew W. Ferich Ahdoot & Wolfson, PC as Class Counsel to act on behalf of the Settlement Class, including the class representatives, with respect to the Settlement. The Court finds that the requirements of Federal Rule of Civil Procedure 23(g) are satisfied by these appointments.

9.     <u>Class Representatives</u>. For purposes of the Settlement, the Court finds and determines, pursuant to Fed. R. Civ. P. 23(a), that the Named Plaintiffs Catherine Duffy, Matthew Edlin, Lawrence Mulcahy, and Paula Hall will fairly and adequately represent the interests of the Settlement Class in enforcing their rights in the Litigation and appoints them as class representatives. The Court preliminarily appoints these Named Plaintiffs as class representatives.

10.     <u>Administration</u>. The firm of JND Legal Administration is appointed as Settlement Administrator to administer the Class Notice and related procedures and the processing of Claims, under the supervision of Class Counsel.

11.     <u>Class Notice</u>. The Court approves the form and content of the Class Notice. The Court finds that the mailing of the Class Notice in the manner and form set forth in the Settlement Agreement satisfies due process, provides the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Settlement Class Members entitled to such Class Notice. The Settlement Administrator shall be responsible for implementing the following Class Notice plan as set forth in the Settlement Agreement.

The Court further finds that all the notices are written in simple terminology and are

readily understandable by Settlement Class Members. The date and time of the Final Approval Hearing shall be included in all notices before they are disseminated. The Parties, by agreement, may revise the notices in ways that are appropriate to update those notices for purposes of accuracy and clarity, and may adjust the layout of those notices for efficient electronic presentation and mailing. No Settlement Class Member shall be relieved from the terms of the proposed Settlement, including the releases provided for therein, based solely upon the contention that such Settlement Class Member failed to receive adequate or actual notice.

The Court authorizes the Settlement Administrator, through data aggregators or otherwise, to request, obtain and utilize vehicle registration information from the Department of Motor Vehicles for all 50 states, the District of Columbia, Puerto Rico, Guam, the U.S. Virgin Islands, and all other United States territories and/or possessions for the purposes of providing the identity of and contact information for purchasers and lessees of Class Vehicles. Vehicle registration information includes, but is not limited to, owner/lessee name and address information, registration date, year, make and model of the vehicle.

12.     CAFA Notice. In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, the Settlement Administrator, at Mazda's expense, shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a known Settlement Class Member resides. The Settlement Administrator shall also provide contemporaneous notice to the Parties.

13.     Data Privacy. The Settlement Administrator is directed to maintain all personally identifiable information of the Settlement Class Members securely and confidentially and to use the Settlement Class Members' information solely for purposes of effectuating the Settlement.

14.     Deadline to Submit Claim Forms. Settlement Class Members seeking to be

reimbursed for eligible out-of-pocket expenses under the Settlement must submit a Claim Form within 90 days of the Notice Date.

      15.    <u>Objections and Appearances</u>. Any Settlement Class Member who intends to object to the Settlement Agreement and/or to Class Counsel's request for an award of attorneys' fees, litigation costs and expenses, or Service Awards, must, by no later than 60 days after the Notice Date, mail to the Court or file with the Court, via the Court's electronic filing system, any such objection, and also serve by first-class postage prepaid mail copies of the objection upon: Class Counsel, Benjamin F. Johns, Shub & Johns LLC, Four Tower Bridge, 200 Barr Harbor Drive, Suite 400, Conshohocken, PA 19428, and Andrew W. Ferich, Ahdoot & Wolfson, PC, 201 King of Prussia Road, Suite 650, Radnor, Pennsylvania 19087; and MNAO's Counsel, Robert L. Wise and Melissa Foster Bird, Nelson Mullins Riley & Scarborough, LLP, 1021 E. Cary St., Suite 2120, Richmond, Virginia 23219. To make a valid objection, any objecting Settlement Class Member must: (i) set forth their full name, current address, and telephone number; (ii) identify the date of acquisition and VIN for their Settlement Class Vehicle; (iii) provide written proof establishing that he or she is a Settlement Class Member (e.g., a true copy of a vehicle title, registration, lease document, or other document reflecting current or former ownership or lease); (iv) provide a written statement of the objection(s), which must include a statement as to whether it applies only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class, and also state with specificity the grounds for the objection, including any evidence and legal authority the Settlement Class Member wishes to bring to the Court's attention; (v) provide copies of any documents the objector wants the Court to consider; and (vi) provide a statement as to whether the Settlement Class Member intends to appear at the Final Approval Hearing. In addition, any Settlement Class Member objecting to the Settlement must submit a list of all other objections submitted by the objector or the objector's counsel to

any class action settlements submitted in any state or federal court in the United States in the previous 5 years. Each case identified should include the caption, docket number, and name of the court in which it was pending. If the Settlement Class Member or his or her counsel has not objected to any other class action settlement in the United States in the previous five years, the objector shall affirmatively so state in the objection.

If the objector is represented by counsel, the objection must be filed with the Court via the Court's electronic filing system. If the objector is not represented by counsel, he or she must send the objection to the Settlement Administrator via first-class mail, postage prepaid, to Mazda Infotainment Settlement, c/o JND Legal Administration, P.O. Box 91494, Seattle, WA 98111, as well as Class Counsel and Mazda's counsel at the aforementioned addresses.

Subject to the approval of the Court, any timely and properly objecting Settlement Class Member may appear, in person or by counsel, at the Final Approval Hearing to explain why the proposed Settlement should not be approved as fair, reasonable, and adequate, or to object to any motion for attorneys' fees and expenses or class representative Service Awards. Any Settlement Class Member who has not timely and properly filed an objection in accordance with the deadlines and requirements set forth herein shall be deemed to have waived and relinquished his/her/its right to object to any aspect of the Settlement, or any adjudication or review of the Settlement, by appeal or otherwise.

To appear at the Final Approval Hearing, any Settlement Class Member must, no later than the objection deadline, file with the Clerk of the Court, and serve upon all counsel designated in the Class Notice, a notice of intention to appear at the Final Approval Hearing. The notice of intention to appear must include copies of any papers, exhibits, or other evidence that the objecting Settlement Class Member (or the Settlement Class Member's counsel) intends to present to the Court in connection with the Final Approval Hearing. Any Settlement Class

Member who does not provide a notice of intention to appear in accordance with the deadline and other specifications set forth in the Settlement Agreement and the Class Notice, or who has not filed an objection in accordance with the deadline and other requirements set forth in the Settlement Agreement and the Class Notice, shall be deemed to have waived and relinquished any right to appear, in person or by counsel, at the Final Approval Hearing.

16.    <u>Exclusion from Class</u>. Any Settlement Class Member who wishes to be excluded from the Settlement Class must timely submit a request for exclusion to the Settlement Administrator at the address specified in the Class Notice. To be effective, the Request for Exclusion must be sent to the specified address and contain the following information: (1) the Settlement Class Member's name, current address, and telephone number; (2) the approximate date of acquisition and VIN for the Settlement Class Vehicle; and (3) a clear statement communicating that the Settlement Class Member elects to be excluded from the Settlement Class, does not wish to be a Settlement Class Member, and elects to be excluded from any judgment entered pursuant to the settlement. Any request for exclusion must be postmarked on or before 60 days after the Notice Date. Any Settlement Class Member who fails to mail a timely and complete a request for exclusion shall be subject to and bound by the Settlement Agreement. Requests for exclusion will be permitted by individual Settlement Class Members only; proposed group or mass opt-outs will be deemed to be submitted on behalf of the individual signing the form. Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will be submitted to the Court for resolution. Prior to the Final Approval Hearing, the Settlement Administrator shall provide the Court, Class Counsel, and MNAO's Counsel with a list identifying each Settlement Class Member who submitted an exclusion request together with copies of the exclusion requests, and a declaration attesting to the completeness and accuracy thereof.

=

11

17.    <u>Motion for Attorneys' Fees, Costs and Expenses, and Service Awards; Final Approval Motion; Response to Objection(s)</u>. At least 21 days before the Objection Deadline, Class Counsel may file a motion for an award of attorneys' fees, reimbursement of litigation costs and expenses, and class representative Service Awards. No later than 14 days after the Objection Deadline, Class Counsel must file the motion, supporting brief, and supporting documents in support of a request for final approval of the Settlement, and response(s) to any Objection to the Settlement.

18.    <u>Reasonable Procedures</u>. Class Counsel and MNAO's Counsel are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the form or content of the Class Notice(s), and other exhibits that they jointly agree are reasonable or necessary.

19.    <u>Extension of Deadlines</u>. Upon application of the Parties, the deadlines set forth in this Order may be extended by order of the Court, without further notice to the Settlement Class. Settlement Class Members must check the Settlement Website (www.MazdaInfotainmentSettlement.com) regularly for updates and further details regarding extensions of these deadlines. The Court reserves the right to adjourn or continue the Final Approval Hearing, and/or to extend the deadlines set forth in this Order, without further notice of any kind to the Settlement Class.

20.    <u>Final Approval Hearing</u>. A Final Approval Hearing will be held by this Court [**no earlier than 165 days after entry of this Preliminary Approval Order**] in the Courtroom of the Honorable Benjamin Beaton, the United States District Court, Western District of Kentucky located at Gene Snyder United States Courthouse, 601 West Broadway, Room 266, Louisville, KY 40202-2227, at _____ __.m. on _____, 2024, to determine: (a) whether the

Settlement should be approved as fair, reasonable, and adequate; (b) whether a Final Approval Order and Judgment should be entered; (c) whether to approve the motion for class representative Service Awards for and an award of attorneys' fees and litigation expenses and costs; and (d) any other matters that may properly be brought before the Court in connection with the Settlement. The Court may approve the Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

21.    If Effective Date Does Not Occur. In the event that the Effective Date does not occur, certification shall be automatically vacated and this Preliminary Approval Order, and all other orders entered and releases delivered in connection herewith, shall be vacated and shall become null and void.

22.    The table below reflects the relevant time periods set forth in the Settlement Agreement and this Order:

| Event | Timeframe |
|---|---|
| Notice Date | _____ [75 days after entry of Preliminary Approval Order] |
| Plaintiffs' Motion for Fees and Expenses Award, and Service Awards | _____ [at least 21 days prior to Objection Deadline] |
| Objection Deadline | _____ [60 days after Notice Date] |
| Opt-Out Deadline | _____ [60 days after Notice Date] |
| Plaintiffs' Motion for Final Approval | _____ [no later than 14 days after Objection Deadline] |
| Settlement Administrator Declaration re: Class Notice | _____ [at least 14 days prior to Final Approval Hearing] |
| Claims Period/Deadline | _____ [90 days after Notice Date] |
| Final Approval Hearing | _____ [a date on or after 165 days after entry of the Preliminary Approval Order] |

23.    The Court may modify the dates above if good cause exists, and the Court may adjourn the Final Approval Hearing without further notice to Settlement Class Members; however, any changes to deadlines shall be posted on the Settlement Website.

**SO ORDERED**:

Date: _____

_____
Honorable Benjamin Beaton
United States District Judge

=