UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CATHERINE DUFFY, ET AL.                                         PLAINTIFFS


v.                                                  No. 3:24-cv-388-BJB


MAZDA MOTOR OF AMERICA, INC.                                    DEFENDANT


\* \* \* \* \*

MEMORANDUM OPINION AND ORDER

The Court previously granted final approval to the settlement in this products-liability class action regarding defective "infotainment" systems in some 1.7 million Mazda vehicles manufactured between 2014 and 2023.  *See* Final Approval Order (DN 88) at 5.

In that order, the Court referred the Plaintiffs' motion for attorney fees to Magistrate Judge Lindsay for a report and recommendation.  *Id.*  Judge Lindsay's report recommended granting the motion for $1.9 million in fees.  DN 89.  More than two weeks have passed since Judge Lindsay's report, and no party has objected.  *See* 28 U.S.C. § 636(b)(1)(C).  Absent such objections, a district court may adopt a magistrate judge's report without further review.  *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985).  The Court has nevertheless reviewed Judge Lindsay's report and sees no error in his assessment of the relevant factors under *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974), nor in his decision—based in part on inadequate submissions by the Plaintiffs—not to perform a lodestar calculation.  Report and Recommendation at 10–12.  Instead, Judge Lindsay determined that the percentage of the overall settlement value represented by the requested fee—about 5.2 percent—was reasonable based on the work that the plaintiffs' attorneys performed and the risk they bore.  *Id.* at 13.  The Court sees no reason to disagree and thus adopts the Report and Recommendation.

Separately, on May 12, 2026—three weeks after this Court granted final approval to the settlement and more than ten months after the deadline for objections—class member Kevin Cummings filed a putative objection to the settlement.  DN 90.  He argues that the settlement is unfair because the parties did not clearly communicate the February 2025 deadline for class members to incur any expenses for which they'd seek reimbursement under the settlement.  The Court addressed (and overruled) similar objections in its final-approval order.  DN 88 at 3.  And, in any event, "courts need not consider untimely objections"—especially when they come after final judgment and would thus prejudice the parties by threatening

1

to unwind a settlement already in motion.  *See* 4 NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 13:29 (6th ed. 2026); FED. R. CIV. P. 60(b) (enumerating permissible grounds for relief from final judgment, none of which are present here).  So the Court overrules Cummings's belated putative objection.

## ORDER

The Court therefore adopts Judge Lindsay's Report and Recommendation (DN 89) and overrules Cummings's putative objection (DN 90).